Present: Carrico, C.J., Compton,[1] Lacy, Hassell, Keenan, Koontz, and Kinser, JJ.

DENNIS JACKSON MOORE

v.   Record No. 990776    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                              March 3, 2000
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA


The dispositive issue in this appeal is whether the provisions of Code § 16.1-269.1(E) cured a defect in felony proceedings in a juvenile and domestic relations district court caused by the Commonwealth's failure to notify the defendant's biological father of the proceedings pursuant to the requirements of former Code §§ 16.1-263 and -264.  Code § 16.1-269.1(E) states, in material part:  "An indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile's age."  In deciding this issue, we also consider the impact, if any, of Commonwealth v. Baker, 258 Va. 1, 516 S.E.2d 219 (1999) (per curiam), aff'g 28 Va. App. 306, 504 S.E.2d 394 (1998), on the present appeal.

On July 27, 1996, Dennis Jackson Moore (the defendant) shot and killed Vance Michael Horne, Jr., in a parking lot at a

---

[1]Justice Compton participated in the hearing and decision of this case prior to the effective date of his retirement on February 2, 2000.

recreational facility in Henrico County. The shooting occurred after the defendant approached Horne's companion, Jonathan Bradley Cooper, held a gun to Cooper's back, and demanded a neck chain that Cooper was wearing. Cooper gave the chain to the defendant, who nevertheless shot Horne in the head and fled from the scene.

On October 15, 1996, the Commonwealth issued four juvenile petitions against the defendant, age 17, in the Henrico County Juvenile and Domestic Relations District Court (the juvenile court). The petitions charged the defendant with the murder of Horne, the robbery of Cooper, and two counts of use of a firearm in the commission of a felony. The four petitions were served on the defendant, his mother, Darlene Moore, and his stepfather, Howard Moore. The defendant had lived with his mother and stepfather for about 16 years, but had not been adopted by his stepfather. The defendant's biological father, Dennis Fleming, was not given notice of the initiation of proceedings in the juvenile court.

The defendant's mother and stepfather attended all the proceedings in the juvenile court. The record does not show that the defendant's biological father was present at any of those proceedings. The juvenile court held a preliminary hearing under Code §§ 16.1-269.1(B) and (C), and certified the

2

four felony charges to the grand jury of the circuit court pursuant to Code § 16.1-269.1(D).

The defendant was indicted by the grand jury on the four felony charges. The defendant did not challenge the circuit court's jurisdiction or raise an objection to the proceedings based on the lack of notice to his biological father in the juvenile court. The defendant was tried by a jury and convicted of all four offenses. The circuit court sentenced the defendant to a term of 60 years' imprisonment for murder, with 20 years suspended, a term of 20 years' imprisonment for robbery, with 15 years suspended, and a total of eight years' imprisonment on the two firearm convictions.

The defendant appealed his convictions to the Court of Appeals, challenging the sufficiency of the evidence and the admissibility of a statement he made to the police. He did not argue that the circuit court lacked jurisdiction to try his case or assert error based on the lack of notice to his biological father in the juvenile court. A panel of the Court of Appeals affirmed the trial court's judgment in an unpublished opinion. Moore v. Commonwealth, Record No. 1088-97-2 (March 16, 1999).

The defendant filed a petition for appeal in this Court, in which he alleged a purported jurisdictional defect in his convictions. He argued that, under our decision in Baker, the circuit court's judgment was void because the Commonwealth

3

failed to provide notice to his biological father of the proceedings in juvenile court.  We awarded the defendant this appeal on the sole issue whether the circuit court lacked jurisdiction to try him on the four charged offenses.

The defendant contends that the Commonwealth's failure to comply with the notice requirements of former Code §§ 16.1-243 and -264 deprived both the juvenile court and the circuit court of subject matter jurisdiction over his case.  He argues that Code § 16.1-269.1(E) applies only when the circuit court has obtained jurisdiction over the charges by virtue of "valid" proceedings in the juvenile court.  He asserts that the preliminary hearing in the juvenile court was invalid because of the Commonwealth's failure to comply with the statutory notice requirements and, thus, that the indictments in the circuit court were void and could not be cured by the provisions of Code § 16.1-269.1(E).  We disagree with the defendant's arguments.

The term "subject matter jurisdiction" refers to the power granted to the courts by constitution or statute to hear specified classes of cases.  Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999); Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 894 (1947).  Code § 16.1-241 grants the juvenile court "exclusive original jurisdiction" over "all cases, matters and proceedings" concerning a juvenile who is alleged to have been delinquent.  The classes of offenses

4

committed by the defendant are included within this grant of jurisdiction.

With certain exceptions that are not pertinent here, Code § 19.2-239 grants the circuit court "exclusive original jurisdiction for the trial of all . . . indictments . . . for offenses committed within their respective circuits." Indictments for murder, robbery, and use of a firearm are encompassed within this statutory grant of authority. Thus, the circuit court also had subject matter jurisdiction over the classes of offenses committed by the defendant.

A court's authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court's lawful exercise of that jurisdiction. See, e.g., Jones v. Commonwealth, 213 Va. 425, 428, 192 S.E.2d 775, 777 (1972); Gregory v. Peyton, 208 Va. 157, 159-60, 156 S.E.2d 624, 626 (1967); Peyton v. French, 207 Va. 73, 80, 147 S.E.2d 739, 743 (1966). In Baker, for the reasons stated by the Court of Appeals, we affirmed the Court of Appeals' judgment voiding circuit court convictions of a juvenile because the Commonwealth had failed to comply with the mandatory notice requirements of former Code §§ 16.1-263 and -264. 258 Va. at 2, 516 S.E.2d at 220. The Court of Appeals held that a "plain reading of Code §§ 16.1-263 and 16.1-264

5

manifests legislative intent that both parents be notified and dispenses with this requirement only when the trial judge has certified on the record that the identity of a parent is not reasonably ascertainable." Baker v. Commonwealth, 28 Va. App. at 312, 504 S.E.2d at 397.

The trial court's judgment in Baker was void because the notice of initiation of juvenile proceedings was not served on a required party, the juvenile's biological father. Id. Thus, although the trial court had subject matter jurisdiction over the felony indictments before it, the court lacked authority to exercise its subject matter jurisdiction over those offenses because the Commonwealth failed to comply with the mandatory notice requirements of former Code §§ 16.1-263 and -264.

Although the juvenile proceedings in the present case suffered from the same type of notice defect that occurred in Baker, we conclude that Baker is inapposite to a resolution of the present appeal. The offenses at issue in Baker were committed before July 1, 1996. See 28 Va. App. at 308-09, 504 S.E.2d at 395. Thus, the provisions of Code § 16.1-269.1(E), which apply only to offenses committed on or after July 1, 1996, were not before us in Baker.[2] See 1996 Va. Acts ch. 755, cl. 7, and ch. 914, cl. 7.

_____

[2]We also note that in Moore v. Commonwealth, 259 Va. ___, ___, ___ S.E.2d ___, ___ (2000) (decided today), which did not

6

Since the defendant committed the four charged offenses after July 1, 1996, the provisions of Code § 16.1-269.1(E) are applicable to the resolution of his case. As previously noted, that section provides in relevant part: "An indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile's age." Under the plain language of this statute, an indictment by a grand jury cures <u>any</u> defect or error, except one regarding a juvenile's age, which has occurred in <u>any</u> juvenile court proceeding.

The Commonwealth's failure to notify the defendant's biological father of the initiation of juvenile court proceedings, as required by former Code §§ 16.1-263 and -264, created a defect in those proceedings. <u>Baker</u>, 28 Va. App. at 313, 504 S.E.2d at 398. However, under Code § 16.1-269.1(E), that defect was cured when the grand jury returned indictments against the defendant on the offenses certified to it by the juvenile court. This curative statutory provision permitted the

---

involve the defendant here, the offenses at issue were committed before July 1, 1996. We held that the Commonwealth's failure to give notice of the initiation of juvenile court proceedings to the juvenile's father, as required by former Code §§ 16.1-263 and -264, was not subject to waiver by the juvenile's failure to object to this defect in the proceedings. <u>Id.</u> at ___, ___ S.E.2d at ___. We also held that the provisions of Code § 16.1-269.6(E) did not effect a waiver of this defect. <u>Id.</u> at ___, ___ S.E.2d at ___.

7

circuit court to exercise its subject matter jurisdiction and to try the defendant on the offenses set forth in the indictments.[3]

For these reasons, we will affirm the judgment of the Court of Appeals.[4]

Affirmed.

JUSTICE KINSER, with whom JUSTICE LACY joins, concurring.

I concur in the result reached by the majority in this case.  However, I write separately to reiterate my belief that the notice requirement at issue is not a prerequisite for the juvenile court's exercise of its subject matter jurisdiction. Moore v. Commonwealth, Record No. 990665, 259 Va. ___, ___ S.E.2d ___ (2000) (this day decided) (Kinser, J., dissenting); see also Turner v. Commonwealth, 216 Va. 666, 667, 222 S.E.2d 517, 518 (1976) (holding that mandatory requirement of written notice was not jurisdictional).

---

[3]Since Baker is inapposite to the present case, we reject the defendant's additional contention that the Court of Appeals was required to reverse his convictions, *sua sponte*, after the Court's decision in Baker.

[4]We do not address the defendant's contention that the Commonwealth's failure to comply with the notice requirements of former Code §§ 16.1-263 and -264 denied him due process, because the defendant failed to raise this objection in the trial court. Rule 5:25; see Sheppard v. Commonwealth, 250 Va. 379, 393, 464 S.E.2d 131, 139 (1995), cert. denied, 517 U.S. 1110 (1996).