JUSTICE KOONTZ
delivered the opinion of the Court.
The primary focus of this appeal is a determination of the scope of our recent decision in Commonwealth v. Baker, 258 Va. 1, 516 S.E.2d 219 (1999) (per curiam), aff’g Baker v. Commonwealth, 28 Va. App. 306, 504 S.E.2d 394 (1998)[2] As in that case, the question is whether the trial court, here the Circuit Court of Loudoun County (the circuit court), lacked jurisdiction to try David Allen Moore, a juvenile, as an adult on indictments charging him with two counts of murder and the use of a firearm in the commission of those murders. Specifically, the question is whether the failure of the Loudoun County Juvenile and Domestic Relations District Court (the juvenile court) to give notice of the initiation of juvenile court proceedings against Moore, required by the then applicable provisions of Code §§ 16.1-263 and 16.1-264, to his biological father rendered the subsequent transfer of jurisdiction by the juvenile court to the circuit court ineffectual and, thus, the convictions of Moore void.
The pertinent facts are not in dispute. Moore was bom on May 13, 1977. In December 1994, four petitions were filed in the juvenile court charging that Moore committed the above noted criminal offenses in January 1994. On each petition in the space provided on the pre-printed form for the name and address of the juvenile’s mother, “Lillie Ruth Moore — Arlington County Jail” was listed. A similar space regarding the juvenile’s father was left blank. The juvenile court judge made no certification on the record that the identity of Moore’s father was not reasonably ascertainable and no affidavit to that effect was made by Moore’s mother. However, in a social history report later filed in the juvenile court by a probation coun *435 selor of that court, Moore’s father was identified as “Vernon Butts” and his location was identified as “Tampa, Florida (exact address unknown).” Moore’s mother was never married to Butts.[3] Moore and his mother were summoned to appear in the juvenile court regarding the allegations in the petitions. Moore’s father was not summoned and did not voluntarily appear.
Throughout the juvenile court proceedings Moore was held in custody and was represented by two court-appointed attorneys. According to court records, Moore’s mother did not appear at any of the hearings in the juvenile court. Ultimately, following a transfer hearing at which Moore and his attorneys were present, the juvenile court by order entered on June 14, 1995, found probable cause that Moore had committed the criminal offenses charged in the petitions and certified Moore to stand trial as an adult in the circuit court for those offenses.
Moore was indicted for those offenses on July 28, 1995, found guilty of each by a jury on February 6, 1997, and sentenced to a term of imprisonment of two life sentences and eight years on December 19, 1997. Throughout the proceedings, both in the juvenile court and the circuit court, Moore raised no objection to the failure of the juvenile court to give notice of the initiation of the juvenile court proceedings to his father as required by the then applicable provisions of Code §§ 16.1-263 and 16.1-264.
On appeal to the Court of Appeals, Moore challenged his convictions on other grounds, but did not raise the issue of the failure to give notice to his father. The Court of Appeals affirmed Moore’s convictions in an unpublished opinion. Moore v. Commonwealth, Record No. 0063-98-4 (February 23, 1999). We awarded Moore this appeal limited to the issue of the effect upon Moore’s convictions of the failure to give notice to his father.
We begin our analysis in this appeal by noting the significant similarities and distinctions between the facts and circumstances involved in Moore’s case and those in Baker’s case. In both cases the criminal acts were committed and the proceedings against the juveniles in the appropriate juvenile courts occurred when Code §§ 16.1-263 and 16.1-264 required notice of the initiation of juvenile *436 court proceedings to the “parents” of the juvenile. In neither case were there certifications on the record by the juvenile court judge that the identity of one of the juvenile’s parents was not reasonably ascertainable as provided in the exception to required parental notice under Code § 16.1-263(E). In both cases the juveniles’ biological fathers were not given notice of the initiation of the juvenile court proceedings, or the subsequent transfer hearings, and they did not voluntarily appear at any of the hearings conducted in the juvenile court.
Under these circumstances, the Court of Appeals held in Baker I that the then applicable provisions of Code §§ 16.1-263 and 16.1-264 required notice of the initiation of juvenile court proceedings to both parents.[4] Moreover, the Court of Appeals held that “[bjecause the notice of the initiation of juvenile proceedings was not properly served on [Baker’s biological father], the transfer of jurisdiction [to the circuit court] was ineffectual and the subsequent convictions [of the juvenile in the circuit court] are void.” Baker I, 28 Va. App. at 315, 504 S.E.2d at 399. In reaching this judgment, the Court of Appeals held that the provisions of these statutes are “mandatory” and “jurisdictional.” Id. at 310, 504 S.E.2d at 396.
Thereafter, for the reasons stated in the opinion of the Court of Appeals, we affirmed that Court’s judgment voiding Baker’s convictions.[5] Baker II, 258 Va. at 2, 516 S.E.2d at 220. It is then readily apparent that in the absence of any significant distinction between the two cases, our decision in Baker II would control in Moore’s case without further analysis.
However, there are significant distinctions between the facts and circumstances in Baker II and those in Moore’s case. In Baker I, the Court of Appeals noted that “[pjrior to the indictment, Baker filed a motion to dismiss the charges or remand the case to juvenile court and alleged that the juvenile court lacked jurisdiction to transfer the case to the circuit court because the juvenile court failed to comply with the notice requirements of Code §§ 16.1-263 and 16.1-264.” 28 Va. App. at 309, 504 S.E.2d at 396. Thus, Baker preserved the issue of this defect in the juvenile court proceedings and was not *437 subject to the waiver of objection to the “jurisdiction” of the circuit court provided for in Code § 16.1-269.6(E), a statute we will address subsequently in this opinion. In contrast, as noted above, Moore raised no such objection to the defect in the juvenile court proceedings either in the juvenile court, the circuit court, or the Court of Appeals. Accordingly, it is in this context that the scope of our decision in Baker II must be viewed. More specifically, we must now decide, applying the applicable versions of the pertinent statutes, whether the failure to give the statutory notice of the initiation of juvenile court proceedings to a juvenile’s parent is a defect in the proceedings such that it is not subject to waiver by the juvenile either in the juvenile court or the circuit court.
We continue our analysis by emphasizing the necessary distinction to be drawn here between the power of a court to adjudicate a specified class of cases, commonly known as “subject matter jurisdiction,” and the authority of a court to exercise that power in a particular case. Subject matter jurisdiction is granted by constitution or statute. Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 894 (1947). It cannot be waived and any judgment rendered without it is void ab initio. Moreover, lack of subject matter jurisdiction “may be raised at any time, in any manner, before any court, or by the court itself.” Id., 43 S.E.2d at 893. In contrast, “[a] court’s authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court’s lawful exercise of that jurisdiction.” Dennis Moore v. Commonwealth, 259 Va. 405, 409, 527 S.E.2d 415, 417 (2000) (decided today) (holding that the failure to give statutorily required notice of initiation of juvenile court proceeding to juvenile’s parent is a defect in those proceedings cured by Code § 16.1-269.1(E)).[6]
The statute that provides subject matter jurisdiction to the juvenile and domestic relations district courts is Code § 16.1-241, which gives these courts “exclusive original jurisdiction” over “all cases, matters and proceedings involving” a juvenile who is alleged to be delinquent.[7] The jurisdiction of these courts is invoked and the proceedings therein commenced by the filing of a petition. Code *438 § 16.1-260(A). After the petition is filed, Code §§ 16.1-263 and 16.1-264 mandate parental notice of the initiation of the proceedings by the issuance of a summons. The subsequent transfer of such a case by the juvenile court to the circuit court is provided for under Code § 16.1-269.1. Former Code § 16.1-269, applied by the juvenile court in Moore’s case, also provided for this transfer to the circuit court. While there are considerable distinctions between the statutes, when viewed in the limited context that they both provide the statutory means by which a circuit court acquires the authority to exercise its subject matter jurisdiction over a class of offenses committed by a juvenile that would otherwise fall within the exclusive original subject matter jurisdiction of the juvenile court, we need not address all those distinctions here. The significant and pertinent distinction, however, is the applicability of Code § 16.1-269.1(E), another statute we also will subsequently address in this opinion.
There is no question that when the statutory requirements related to the juvenile court proceedings are followed, a circuit court’s subject matter jurisdiction over the class of offenses committed by a juvenile that are at issue here is invoked. See Code §§ 17.1-513 and 19.2-239. It is the unique statutory framework whereby a juvenile court and in turn a circuit court acquire the authority to exercise their subject matter jurisdiction that is at issue here and was at issue in a number of our prior cases. In this regard, we have held that the statutory requirement of parental notice of the initiation of proceedings in the juvenile court, under various former versions of what is now Code § 16.1-263, are mandatory in nature and limit a court’s rightful exercise of its subject matter jurisdiction. See, e.g., Gregory v. Peyton, 208 Va. 157, 159-60, 156 S.E.2d 624, 626 (1967); Peyton v. French, 207 Va. 73, 80, 147 S.E.2d 739, 743 (1966).
In French, where the juvenile court failed to give parental notice of the initiation of the proceedings in that court, we stated that “the failure of the juvenile court to comply with the applicable statutes rendered the circuit court proceedings void.” Id. at 80, 147 S.E.2d at 743 (emphasis added). Moreover, and pertinent to the present appeal, in Jones v. Commonwealth, 213 Va. 425, 192 S.E.2d 775 (1972), we recognized that there had been various amendments to the notice requirements concerning juvenile court proceedings, but we stressed that “the requirement that the parents of an infant defendant *439 charged with a crime have notification of the time and place of his trial and an opportunity to be present has remained constant.” Id. at 428, 192 S.E.2d at 777. In contrast to these cases, we have distinguished specific statutory requirements and held that certain defects in the juvenile court proceedings were merely procedural and, thus, were subject to cure or waiver. See, e.g., Turner v. Commonwealth, 216 Va. 666, 670, 222 S.E.2d 517, 520 (1976) (failure to provide written notice to parents cured by actual presence of juvenile’s parents at transfer hearing).
Guided by these principles, we turn to the specific circumstances in Moore’s case. The notice provisions contained in the applicable version of Code § 16.1-263 require that “[ajfter a petition has been filed, the court shall direct the issuance of summonses ... to the parents . . . .” This requirement, although no longer containing earlier language prohibiting the hearing to proceed without the notice, is otherwise virtually identical to that considered by this Court from the time we decided French to the time we decided Baker II. Based on this Court’s unswerving adherence to the nature of this notice requirement to parents, this requirement as applied to Moore’s case was “mandatory.” Thus, because it failed to comply with this mandatory requirement, the juvenile court lacked authority to exercise its subject matter jurisdiction over the offenses charged against Moore.[8] It then remains only to be determined whether Code § 16.1-269.6(E) is applicable in the present case and operates to waive or cure this defect in the juvenile court proceedings such that the circuit court had the necessary authority to exercise its subject matter jurisdiction to try Moore as an adult for the offenses set forth in the indictments because Moore raised no objection to the jurisdiction of the circuit court.
Code § 16.1-269.6(E) became effective on My 1, 1994. As previously noted the offenses for which Moore was charged occurred in January 1994 and the petitions charging him with these offenses were filed in the juvenile court in December 1994. He was subse *440 quently indicted in the circuit court for these offenses on July 28, 1995, and arraigned in December 1996. Accordingly, we will assume, without deciding, that Code § 16.1-269.6(E) is applicable to Moore’s case.
Code § 16.1-269.6(E) provides that: “Any objection to the jurisdiction of the circuit court pursuant to this article shall be waived if not made before arraignment.” (Emphasis added.) The plain language of this section clearly manifests legislative intent that any defect in the transfer proceedings conducted in the juvenile court as provided in Article 7 is waived such that the circuit court acquires the authority to exercise its subject matter jurisdiction over the offenses charged against the juvenile unless die juvenile raises an objection based on a defect in the juvenile court transfer hearing prior to arraignment in the circuit court. Beyond question, the legislature has the authority to provide for a waiver of a defect in the transfer proceeding in this manner.
The Commonwealth’s reliance on Code § 16.1-269.6(E) in Moore’s case, however, is misplaced. By its express terms this statute does not purport to cure or waive defects in the initiation of the juvenile court proceedings. Code § 16.1-269.1(E), enacted subsequent to this statute, addresses those defects. Code § 16.1-269.6(E), by contrast, does not address the requirements of Code §§ 16.1-263 and 16.1-264, but only addresses the waiver of a defect in the transfer hearing conducted in the juvenile court. Cf. Burfoot v. Commonwealth, 23 Va. App. 38, 51, 473 S.E.2d 724, 731 (1996). Thus, Code § 16.1-269.6(E) does not operate to cure or waive the initial defect in the juvenile court proceedings where, as here, the juvenile court fails to give the parental notice of the initiation of juvenile court proceedings as statutorily mandated.
In short, the juvenile court in Moore’s case never acquired the authority to exercise its jurisdiction to conduct the transfer hearing that resulted in the transfer of Moore’s case to the circuit court. Accordingly, the circuit court never acquired the authority to exercise its jurisdiction to try Moore for the criminal offenses charged in the indictments, and Moore’s convictions in the circuit court are void. This result is consistent with our holdings in French and Baker II.
For these reasons, we will reverse the judgment of the Court of Appeals and remand this case with directions that the case be remanded to the trial court for a new trial if the Commonwealth be so advised. Since Moore has now reached his majority and cannot be retried as a juvenile, if the Commonwealth elects to retry him, Moore *441 should be tried on new indictments. French, 207 Va. at 80, 147 S.E.2d at 743-44.

Reversed and remanded.

 Within this opinion, we will refer to the decision of the Court of Appeals as “Baker I” and our per curiam affirmance of that decision as “Baker II.”

 The social history report also recited that Moore’s mother “dated” Moore’s father for three months and that she terminated the relationship because he denied that he was the father of her expected child after she became pregnant. The record also reflects that on May 10, 1996, Moore’s counsel made an oral motion in the circuit court that Moore be permitted to attend the funeral of his father, “Vernon Butts,” scheduled for the next day.

 At the time Baker was transferred to the circuit court in 1996, Code § 16.1-269.1 was the applicable transfer statute. When Moore was transferred to the circuit court former Code § 16.1-269 was applied by the juvenile court because the offenses for which Moore was charged were committed prior to the repeal of Code § 16.1-269 in 1994.

 We also noted that effective July 1, 1999, Code § 16.1-263 was amended to provide for notice of the juvenile court proceedings to “ ‘at least one parent.’ ” Id.

 The defendant in Moore is not the same defendant in the present case.

 This code section has been amended from time to time and was amended in 1996 specifically to limit the jurisdiction of the juvenile courts to conducting a preliminary hearing to determine probable cause in any case in which the juvenile, age 14 or older, is alleged to have committed certain violent juvenile felonies, including those charged against Moore in the pres *438 ent case. This limiting provision, however, was not applicable at the time of the proceedings in the juvenile court against Moore.

 In addition, we note that Code § 16.1-269.1(E) provides that “[a]n indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile’s age.” This provision, however, applies only to offenses committed on or after July 1, 1996, and therefore does not apply to Moore’s case. See 1996 Va. Acts. ch. 755, cl. 7 and ch. 914, cl.7.
This provision was also not applicable in Baker II because the offenses at issue there were committed before July 1, 1996. However, the provision now acts to cure the defect in the juvenile court proceedings at issue in Moore’s case. See Dennis Moore, 259 Va. at 410, 527 S.E.2d at 418.