# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Demetrius J. Hendricks

March 22, 2000

Case Nos. 94-633F, 94-634F, and 94-635F

BY JUDGE JAMES B. WILKINSON

The defendant, Demetrius Hendricks, was convicted of two counts of robbery and two counts of use of a firearm during the commission of a robbery, and on October 28, 1994, he was sentenced to thirty-three years in the Department of Corrections with fifteen of those years suspended. At the time of the offense, the defendant was a juvenile and the case originally was within the jurisdiction of the Juvenile and Domestic Relations Court. Following a transfer hearing, this Circuit Court gained jurisdiction over Mr. Hendricks.

While the defendant was in the jurisdiction of the Juvenile and Domestic Relations Court, there is no evidence that his father was notified of the proceedings concerning his son. On the petition, which was filed on April 22, 1994, Demetrius Hendricks' parents were listed as Dorothy Carter and George Hendricks. The records of the Juvenile Court indicate that Mrs. Carter, along with the defendant's step-father, was present at all of the court hearings, including the transfer hearing; however, there is no indication that Mr. Hendricks was in attendance. Furthermore, there is no Juvenile Court record by the presiding judge indicating Mr. Hendricks' address was unascertainable nor was there proof of service by publication.

The defendant filed a Motion to Vacate the convictions based on the absence of proper notice to his father. During an evidentiary hearing, Mrs. Carter testified to several factual issues: (1) George Hendricks was the defendant's father; (2) at the time of the offense and transfer hearing, Mr. Hendricks was residing in the Bronx, New York; (3) Mrs. Carter knew his mailing address; and (4) the defendant had visited his father within two years of the petition being filed against him. Finally, Mrs. Carter testified that she asked Mr. Hendricks' girlfriend whether he had ever received a summons regarding the petition filed against his son; however, Mrs. Carter was unsure if any of this conversation was ever relayed to Mr. Hendricks. The defendant also submitted the Final Order of Divorce for Mrs. Carter and Mr. Hendricks, which showed they were lawfully married at the time of the defendant's birth. The Commonwealth did not present any evidence concerning efforts to notify Mr. Hendricks.

The Court, after hearing the evidence and arguments submitted by counsel, took this matter under advisement.

### Issue

Whether the failure to notify George Hendricks of the proceedings against his son, Demetrius Hendricks, renders the convictions for robbery and use of a firearm during the commission of a robbery void?

### Argument

The Virginia Court of Appeals ruled in *Baker v. Commonwealth*, 28 Va. App. 306 (1998) [hereinafter *Baker I*], that a circuit court may not properly exercise jurisdiction over a juvenile unless both parents have received notification of the petition which has been filed in the Juvenile and Domestic Relations Court. The Court of Appeals stated that a plain reading of Va. Code §§ 16.1-263 and 16.1-264 "manifests legislative intent that both parents be notified." *Baker I* at 312. The notification provisions can only be dispensed with if a juvenile judge makes a finding that the address of one of the parents is not reasonably ascertainable or that there was service by publication. Without such a finding or service the provisions of Va. Code § 16.1-263(A) will not have been met and any subsequent conviction in a Circuit Court must be reversed. *Id.* Central to the Court's determination was a review of the 1991 amendment to Va. Code § 16.1-264. Prior to 1991, the law stated:

If a party designated in § 16.1-263(A) to be served with a summons can be found within the Commonwealth, the summons shall be served upon him in person. *However, service of the summons on one parent in person shall be deemed sufficient service on both parents in cases where (i) the child is alleged to be in need of services or delinquent and custody of the child is not in issue and (ii) the serving officer has reasonable grounds to believe the parents are living together in the same household, provided a copy of the summons is served on the parent who was not served in person by substituted service as prescribed in § 8.01-296(2)* and the serving officer notes on the return that he believes the parents are living together.

Va. Code § 16.1-264(A) (1990) (emphasis added).

The 1991 amendments deleted all of the italicized text, and the *Baker I* Court stated "The General Assembly, by deleting the language 'service of the summons on one parent in person shall be deemed sufficient on both parents,' clearly intended that such service would no longer be sufficient notice to the 'parents' of the juvenile." *Baker I* at 314. "The Commonwealth's argument that service of a summons on one parent is sufficient is contrary to the General Assembly's amendment ... which deleted the very language. 'We will not read into the statute language which the legislature purposefully deleted'." *Id.*, citing *Shaw v. Commonwealth*, 9 Va. App. 331, 334 (1990).

In a short *per curiam* opinion, the Virginia Supreme Court revisited *Baker I*. In *Commonwealth v. Baker*, 258 Va. 1 (1999) [hereinafter *Baker II*], *Baker I* was affirmed, and the Court ordered that the decision be applied retroactively. *Baker II* at 2.

On March 3, 2000, the Supreme Court issued *David Allen Moore v. Commonwealth*, 259 Va. 431 (2000), which dealt with how a defect in subject matter jurisdiction may be cured.[1] In the David Moore case petitions were filed against him in December of 1994, *David Allen Moore* at 434; therefore, there was no curing statute in effect at that time. The Court stated that subject

---

[1] On the same day, the Supreme Court ruled in *Dennis Jackson Moore v. Commonwealth*, 259 Va. 405 (2000), that Va. Code § 16.1-269.1(E), which went into effect on July 1, 1996, acts as a cure for any error committed in the Juvenile Court. Va. Code § 16.1-269.1(E) states "An indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juveniles age." Dennis Moore had four petitions issued against her on October 15, 1996, and therefore, the failure to notify her biological father was cured by her grand jury indictment since she failed to make a timely objection. *Dennis Jackson Moore*, 259 Va. at 410.

matter jurisdiction is either granted by constitution or by statute, and that any judgment rendered without it is void ab initio. *Id.* at 437, *citing Humphreys v. Commonwealth*, 186 Va. 765, 772, 43 S.E.2d 890, 893-94 (1947). Since the legislature failed to provide a curing statute prior to July 1, 1996, and the Commonwealth did not comply with the parental notification provision, the Circuit Court never gained jurisdiction over David Moore; therefore, his convictions were reversed. *David Allen Moore* at 440.

In the present matter, petitions were issued against the defendant in April of 1994, and the facts of this case are similar to *Moore* and *Baker I*. Throughout Demetrius Hendricks' proceedings in the Juvenile Court, there is no indication that any effort was made to notify his father. The defendant has proven to this Court that George Hendricks was his father, and that his mailing address could have been located without exerting an unreasonable effort. Therefore, since the Juvenile Court Judge neither made a finding on the record that George Hendricks's address could not be reasonably ascertained nor affected proof of service by publication, this Court has no choice but to grant the defendant's Motion to Vacate in accordance with *Baker I, Baker II*, and *David Moore*.

## Conclusion

The convictions against Demetrius Hendricks for the robberies and use of a firearms in the commission of a robbery are hereby vacated. In accordance with *David Moore v. Commonwealth*, the case is remanded to this Court, and the defendant must be tried on new indictments if the Commonwealth chooses to retry the matter.