COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia

STEVIE ADAMS

                                           MEMORANDUM OPINION[*] BY

v.    Record No. 0641-99-2      JUDGE RUDOLPH BUMGARDNER, III
                                             MAY 16, 2000

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William H. Ledbetter, Jr., Judge

Martin W. Lester, Deputy Public Defender, for
appellant.

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


The trial court revoked a previously suspended sentence upon the defendant's stipulation that he violated the terms of his probation.  On appeal for the first time, the defendant contends the trial court lacked jurisdiction to revoke his suspended sentence because the Commonwealth failed to notify his biological father of the original proceedings in the juvenile and domestic relations district court pursuant to former Code §§ 16.1-263 and -264.

The defendant was charged in the juvenile and domestic relations district court with possession of cocaine with intent

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

to distribute.  The offense date was March 26, 1997.  The juvenile and domestic relations district court found probable cause and transferred the case to the circuit court.  Adams appealed the transfer decision, but the circuit court found the transfer appropriate and authorized the Commonwealth to seek an indictment.  A grand jury indicted the defendant, and the circuit court tried the defendant with a jury, which convicted of the lesser-included offense of possession of cocaine.

Moore v. Commonwealth, 259 Va. 405, 410, __ S.E.2d __, __ (2000), held that Code § 16.1-269.1(E) cured a defect in a juvenile court proceeding resulting from failure to notify the defendant's father of the proceedings pursuant to Code §§ 16.1-263 and -264.  Code § 16.1-269.1(E) applies to offenses committed after July 1, 1996.  This offense occurred after that date, and a grand jury indicted the defendant.  Accordingly, the indictment cured any defect that occurred, and we affirm the revocation.

Affirmed.

-