COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


ARTIS ORLANDO McDONALD
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0679-99-2        JUDGE RUDOLPH BUMGARDNER, III
                                          MAY 16, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  Ernest P. Gates, Judge Designate

           Elwood Earl Sanders, Jr., Appellate Defender
           (S. Jane Chittom, Appellate Counsel; Public
           Defender Commission, on briefs), for
           appellant.

           Stephen R. McCullough, Assistant Attorney
           General (Mark L. Earley, Attorney General;
           Leah A. Darron, Assistant Attorney General,
           on brief), for appellee.


     A jury convicted the defendant of malicious wounding and

use of a firearm in the commission of malicious wounding.  On

appeal, the defendant claims the circuit court lacked

jurisdiction because the Commonwealth failed to serve notice of

the proceeding in the juvenile and domestic relations district

court upon his father as required by former Code §§ 16.1-263 and

-264.  We conclude the trial court had jurisdiction and affirm

the convictions.

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Petitions charging the offenses were filed in the juvenile and domestic relations district court. The offense date was January 10, 1997. The juvenile and domestic relations district court found probable cause and certified the charges. The grand jury indicted the defendant, and the circuit court tried the defendant with a jury, which convicted.

Moore v. Commonwealth, 259 Va. 405, 410, __ S.E.2d __, __ (2000), held that Code § 16.1-269.1(E) cured a defect in a juvenile court proceeding resulting from failure to notify the defendant's father of the proceedings pursuant to Code §§ 16.1-263 and -264. Code § 16.1-269.1(E) applies to offenses committed after July 1, 1996. This offense occurred after that date, and a grand jury indicted the defendant. Accordingly, the indictment cured any defect that occurred, and we affirm the convictions.

                                          Affirmed.

-