COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Richmond, Virginia


JAMAL RASHAD TOLIVER, S/K/A
 JAMAAL RASHAD TOLIVER
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2880-99-2        JUDGE RUDOLPH BUMGARDNER, III
                                         NOVEMBER 7, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Walter W. Stout, III, Judge

            Maureen L. White for appellant.

            Michael T. Judge, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     On October 22, 1998, Jamal Rashad Toliver was charged with

two counts of capital murder, two counts of use of a firearm in

the commission of a felony, and one count of possession of a

firearm by a convicted felon.  After a bench trial, the trial

court convicted him of possession of a firearm by a convicted

felon and granted a motion to strike all other charges.  On

appeal, the defendant contends the circuit court lacked

jurisdiction to hear the charge.  Finding no error, we affirm.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The original juvenile petition charged the defendant with possessing a specific pistol.[1]  The indictment returned by the grand jury did not specify any particular firearm.[2]  The trial court stated that it found the defendant guilty of possessing a shotgun though there was sufficient evidence that he also possessed a pistol.  The defendant contends the trial court lacked jurisdiction to convict him of possession of any weapon other than the pistol described in the juvenile petition.

Two persons were shot and killed, one by a pistol and the other by a shotgun.  The defendant was charged with both murders and using the weapons to commit the murders.  The defendant's palm print was found on a shotgun, which the police recovered from his girlfriend's residence.  She had seen him with the shotgun.  They also recovered from her home the pistol used to murder Robert Lee and a rifle she had seen the defendant hide behind the couch.  The defendant kept weapons at her home.

The description of the firearm in the juvenile petition was excess language because the precise type of firearm is not an

---

[1] The juvenile petition charged the defendant with possession of "a handgun, to wit: a certain .38 cal. semi-automatic pistol, mfg. by Star, after having been convicted of a felony . . . in violation of section 18.2-308.2 . . . ."

[2] The indictment returned against the defendant provided the defendant "did feloniously and unlawfully, knowingly and intentionally possess or transport or carry about his person, hidden from observation, a firearm, having been previously convicted of a felony.  Va. Code Section § 18.2-308.2."

-

element of the offense.  Code § 18.2-308.2.  The indictment gave the defendant adequate notice of the offense charged though it did not specify the firearm.  Cantwell v. Commonwealth, 2 Va. App. 606, 608, 347 S.E.2d 523, 524 (1986) (the purpose of the indictment is to provide defendant "notice of the nature and character of the offense charged").  The defendant filed a bill of particulars on the other charges.  In responding to those requests, the Commonwealth advised that it expected to prove that the defendant possessed both the shotgun and the pistol.

The defendant raised no objection to the indictment at trial, so the indictment cured any defect caused by the wording of the juvenile petition.  Code § 16.1-269.1(E) provides that an indictment in the circuit court cures any error or defect in the juvenile court proceedings, except with respect to the defendant's age.  Moore v. Commonwealth, 259 Va. 405, 410, 527 S.E.2d 415, 418 (2000).  Accordingly, we affirm the conviction.

Affirmed.