545 S.E.2d 583

### Antoine SPAIN

v.

### COMMONWEALTH of Virginia.

### Record No. 1434–00–1.

Court of Appeals of Virginia,
Chesapeake.

May 8, 2001.

432

(Robert J. Wagner; Wagner & Wagner, on brief), Richmond, for appellant. Appellant submitting on brief.

Michael T. Judge, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: BRAY and BUMGARDNER, JJ., and HODGES, Senior Judge.

BRAY, Judge.

Antoine Spain (defendant) appeals an order of the trial court denying his motion to vacate prior convictions for second degree murder, malicious wounding and two counts of using a firearm in the commission of such offenses. Defendant was a juvenile when he committed the crimes, and the prosecutions had been transferred to the trial court by the Norfolk Juvenile and Domestic Relations District Court (J & D court) upon a "Waiver of Transfer Hearing and Preliminary Hearing" executed pursuant to Code § 16.1–270. Relying upon *Baker v. Commonwealth,* 28 Va.App. 306, 504 S.E.2d 394 (1998), *aff'd per curiam,* 258 Va. 1, 516 S.E.2d 219 (1999), and its progeny, defendant contends that both the J & D and trial courts acted without the requisite subject matter jurisdiction, resulting in void convictions. We agree and reverse the trial court.

## I.

On November 1, 1994, petitions were lodged in the J & D court alleging defendant committed the subject offenses on October 25, 1994, when seventeen years of age. The Commonwealth moved the J & D court to transfer the prosecutions to the circuit court pursuant to Code § 16.1–269.1, and a related hearing was scheduled for February 16, 1995. Defendant appeared at the hearing, accompanied by his attorney

and mother, but his father had not been notified of either the original petitions or related proceedings and did not appear.

At the inception of the hearing, defendant executed a document entitled, "Waiver of Transfer Hearing and Preliminary Hearing," "freely and voluntarily waiv[ing] Preliminary hearing" and "Transfer Hearing" before the J & D court, thereby "agree[ing] that the ... charges ... be transferred to the circuit court." The waiver was "certif[ied]" by the J & D court judge and, accordingly, the prosecutions were transferred to the trial court, where defendant suffered the instant convictions.

On November 11, 1999, defendant unsuccessfully moved the trial court to vacate the convictions, asserting that, absent issuance of a summons to his father at the inception of the prosecution in accordance with Code §§ 16.1–263 and 264, the J & D court lacked jurisdiction over the proceedings, rendering void the waiver of a transfer hearing and related convictions in the trial court, an argument defendant pursues on appeal. The Commonwealth counters that Code § 16.1–270 creates an exception to the necessity of parental notification, permitting a waiver of "statutorily created subject matter jurisdiction."

## II.

■ Code § 16.1–241 confers upon J & D courts " 'exclusive original jurisdiction' over 'all cases, matters and proceedings involving' a juvenile who is alleged to be delinquent." *Moore v. Commonwealth,* 259 Va. 431, 437, 527 S.E.2d 406, 409 (2000). "All matters alleged to be within the jurisdiction of the [J & D] court shall be commenced by the filing of a petition," Code § 16.1–260, and "[a]fter a petition has been filed, the court shall direct the issuance of summonses ... to the parents...." Code § 16.1–263.[1] Companion Code § 16.1–

---

1. Although inapplicable to the instant proceedings, effective July 1, 1999, Code § 16.1–263 was amended to direct "issuance of summonses" to "at least one parent." *See* 1999 Va. Acts, c. 952.

264 prescribes the mode and proof of service necessary to such summonses.

"We have held that 'compliance with [Code §§ 16.1–263 and –264] relating to procedures for instituting proceedings against juveniles, [is] mandatory and jurisdictional. The failure to strictly follow the notice procedures contained in the Code [deny the defendant] a substantive right and the constitutional guarantee of due process.'" *Weese v. Commonwealth,* 30 Va.App. 484, 489, 517 S.E.2d 740, 743 (1999) (quoting *Karim v. Commonwealth,* 22 Va.App. 767, 779, 473 S.E.2d 103, 108–09 (1996) (*en banc* )); *see Baker,* 28 Va.App. at 310, 504 S.E.2d at 396.[2] Thus, "where a [J & D] court conducts a delinquency proceeding without notifying the parents or certifying that notice cannot reasonably be obtained, a resulting conviction order is void." *Duong v. Commonwealth,* 34 Va. App. 424, 428, 542 S.E.2d 47, 49 (2001). In *Moore,* the Court instructed that such mandated statutory notice is not subject to waiver. 259 Va. at 440, 527 S.E.2d at 410–11.

Here, the Commonwealth correctly reminds us that Code § 16.1–270 provides that "[a]t any time prior to commencement of the adjudicatory hearing a juvenile ..., with the written consent of his counsel, may elect in writing to waive the jurisdiction of the [J & D] court and have his case transferred to the appropriate circuit court." However, contrary to the Commonwealth's argument, such waiver provisions relate to transfer and do not dispense with the statutory notice necessary to confer subject matter jurisdiction upon the J & D court at the inception of the proceedings. *See id.* at 437, 527 S.E.2d at 409. Manifestly, a waiver permitted by Code § 16.1–270 is predicated upon the existence of authority in the J & D court to act and cannot cure an antecedent and

---

**2.** Although also inapplicable here, Code § 16.1–269.1(E) "provide[s] that, as to offenses committed on or after July 1, 1996, once an indictment has been returned in the circuit court, any failure to comply with the parental notification provisions of Code §§ 16.1–263 and 264 does not deprive the court of subject matter jurisdiction." *Carter v. Commonwealth,* 31 Va.App. 393, 394–95, 523 S.E.2d 544, 545 (2000).

fatal defect in the underlying jurisdiction. *See Langhorne v. Commonwealth,* 35 Va.App. 19, 24, 542 S.E.2d 780, 782 (2001).

Accordingly, we reverse the trial court and remand for such further proceedings as the Commonwealth may deem appropriate.

*Reversed and remanded.*