## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

 v.

Damian Devaun Blakley

September 21, 2001

Case No. CR01001469/CR95B03249

BY JUDGE MARC JACOBSON

 This matter comes before the Court on the Motion to Vacate Judgment filed by Damian D. Blakley *pro se* and Motion to Vacate filed by Walter B. Dalton, his attorney. The Motions seek to vacate the Trial and Sentencing Order entered by the Circuit Court of the City of Norfolk on July 1, 1996, in which the Defendant pleaded guilty to and was convicted of Possession of Cocaine with Intent to Distribute, in violation of § 18.2-248 of the Code of Virginia (1950), as amended, pursuant to a Plea Agreement entered into by Defendant and accepted by the Court.

 Defendant's basic contention is that his father, listed as "Leon Cowell, City Jail," in the Petition filed in the Juvenile and Domestic Relations District Court of the City of Norfolk on the charge that Defendant was ultimately convicted, was not properly served nor notified, thus invoking the ruling and implications of *Commonwealth v. Baker*, 28 Va. App. 306 (1998), *aff'd* 258 Va. 1 (1999) (*per curiam*). The Motion to Vacate and Brief in Support filed by Walter B. Dalton, Defendant's attorney, argues that his conviction should be vacated because, pursuant to *Baker*, the Circuit Court of the City of Norfolk which convicted and sentenced Defendant as aforesaid lacked jurisdiction over the Defendant.

 In addition to the Motions and the supporting memoranda and/or briefs, the Commonwealth has filed a Supplemental Motion to Dismiss in light of the Virginia Supreme Court's recent decision in *Robert Nelson, Jr. v. Warden of*

*Keen Mountain Correctional Center*, Record No. 002301, September 14, 2001.

The *Nelson* decision concerns the arrest of a seventeen-year-old in January 1985. The juvenile was brought before the Juvenile Court for a transfer hearing in March of 1985. He was then transferred to the Circuit Court for trial as an adult, pleaded guilty, and was sentenced to forty-eight years in the penitentiary. The defendant later alleged, in a habeas corpus petition, that his father was notified of neither the initiation of proceedings in the Juvenile Court nor of the transfer hearing. The defendant asserted that this failure rendered his convictions void and relied upon *Commonwealth v. Baker*, 258 Va. 1 (1999) (*per curiam*), and *Moore v. Commonwealth*, 259 Va. 431 (2000), to support these assertions. *Nelson*, Record No. 002301 at 1-3.

The instant case is factually the same as *Nelson*. Like the defendant in *Nelson*, Defendant, then a juvenile, was transferred by the Norfolk Juvenile and Domestic Relations District Court to the Circuit Court of the City of Norfolk for trial as an adult, where he entered into a Plea Agreement and pleaded guilty. Defendant was represented by counsel both in the Norfolk Juvenile and Domestic Relations District Court proceedings and in the Circuit Court of the City of Norfolk proceedings. Defendant did not preserve the alleged error regarding the Juvenile Court's failure to give his father notice (without ruling on whether or not notice was properly given), and Defendant did not raise the issue of said alleged error until the Motions were filed with this Court. Because Defendant's convictions were merely voidable, his failure to raise the issue in a timely manner constitutes a waiver of the alleged error of the alleged failure to serve and/or give notice to the Defendant's father.

The Commonwealth's Supplemental Motion to Dismiss is granted and Defendant's Motions are dismissed.