Tuesday          11th

        December, 2001.


Antoine Spain,                                          Appellant,

  against      Record No. 1434-00-1
              Circuit Court No. CR95B00580-00

Commonwealth of Virginia,                              Appellee.


          From the Circuit Court of the City of Norfolk


        It appears that this Court does not have jurisdiction over

this case.  Accordingly, the opinion previously rendered by this Court

on May 8, 2001 is withdrawn and the mandate entered on that date is

vacated.  This Court's orders entered on November 15, 2000 and June

21, 2001 are also vacated and case hereby is transferred to the

Supreme Court of Virginia pursuant to Code § 8.01-677.1.  Commonwealth

v. Southerly, ___ Va. ___, 551 S.E.2d 650 (2001).


                        A Copy,

                            Teste:

                                Cynthia L. McCoy, Clerk

                        By:

                        Deputy Clerk

                                        Thursday        21st

        June, 2001.

Antoine Spain,                                            Appellant,

  against      Record No. 1434-00-1
              Circuit Court No. CR95B00580-00

Commonwealth of Virginia,                                  Appellee.


                    Upon a Petition for Rehearing
          Before Judges Bray, Bumgardner and Senior Judge Hodges


        On May 22, 2001 came the appellee, by the Attorney General

of Virginia, and filed a petition praying that the Court set aside the

judgment rendered herein on May 8, 2001, and grant a rehearing

thereof.

        On consideration whereof, the petition for rehearing

is granted only insofar as it pertains to Issue II raised in the said

rehearing petition, the mandate entered herein on May 8, 2001 is

stayed pending the decision of the panel, and the appeal is reinstated

on the docket of this Court.

        The respondent shall file an answering brief within 14 days

of the date of entry of this order.  No additional oral argument will

be heard in this matter.

                        A Copy,

                            Teste:
                                    Cynthia L. McCoy, Clerk
                            By:
                                    Deputy Clerk


                            - 2 -

Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


ANTOINE SPAIN
                                        OPINION BY
v.   Record No. 1434-00-1            JUDGE RICHARD S. BRAY
                                         MAY 8, 2001
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Charles E. Poston, Judge

        (Robert J. Wagner; Wagner & Wagner, on brief), for
        appellant.  Appellant submitting on brief.

        Michael T. Judge, Assistant Attorney General (Mark
        L. Earley, Attorney General, on brief), for
        appellee.


     Antoine Spain (defendant) appeals an order of the trial court

denying his motion to vacate prior convictions for second degree murder,

malicious wounding and two counts of using a firearm in the commission

of such offenses.  Defendant was a juvenile when he committed the

crimes, and the prosecutions had been transferred to the trial court by

the Norfolk Juvenile and Domestic Relations District Court (J&D court)

upon a "Waiver of Transfer Hearing and Preliminary Hearing" executed

pursuant to Code § 16.1-270.  Relying upon Baker v. Commonwealth, 28 Va.

App. 306, 504 S.E.2d 394 (1998), aff'd per curiam, 258 Va. 1, 517 S.E.2d

219 (1999), and its progeny, defendant contends that both the J&D and

trial courts acted without the requisite subject matter jurisdiction,

resulting in void convictions.  We agree and reverse the trial court.

- 3 -

On November 1, 1994, petitions were lodged in the J&D court alleging defendant committed the subject offenses on October 25, 1994, when seventeen years of age. The Commonwealth moved the J&D court to transfer the prosecutions to the circuit court pursuant to Code § 16.1-269.1, and a related hearing was scheduled for February 16, 1995. Defendant appeared at the hearing, accompanied by his attorney and mother, but his father had not been notified of either the original petitions or related proceedings and did not appear.

At the inception of the hearing, defendant executed a document entitled, "Waiver of Transfer Hearing and Preliminary Hearing," "freely and voluntarily waiv[ing] Preliminary hearing" and "Transfer Hearing" before the J&D court, thereby "agree[ing] that the . . . charges . . . be transferred to the circuit court." The waiver was "certif[ied]" by the J&D court judge and, accordingly, the prosecutions were transferred to the trial court, where defendant suffered the instant convictions.

On November 11, 1999, defendant unsuccessfully moved the trial court to vacate the convictions, asserting that, absent issuance of a summons to his father at the inception of the prosecution in accordance with Code §§ 16.1-263 and -264, the J&D court lacked jurisdiction over the proceedings, rendering void the waiver of a transfer hearing and related convictions in the trial court, an argument defendant pursues on appeal. The Commonwealth counters that Code § 16.1-270 creates an exception to the necessity of parental

notification, permitting a waiver of "statutorily created subject matter jurisdiction."

## II.

Code § 16.1-241 confers upon J&D courts "'exclusive original jurisdiction' over 'all cases, matters and proceedings involving' a juvenile who is alleged to be delinquent." Moore v. Commonwealth, 259 Va. 431, 437, 527 S.E.2d 406, 409 (2000). "All matters alleged to be within the jurisdiction of the [J&D] court shall be commenced by the filing of a petition," Code § 16.1-260, and "[a]fter a petition has been filed, the court shall direct the issuance of summonses . . . to the parents . . . ." Code § 16.1-263.[1] Companion Code § 16.1-264 prescribes the mode and proof of service necessary to such summonses.

"We have held that 'compliance with [Code §§ 16.1-263 and -264] relating to procedures for instituting proceedings against juveniles, [is] mandatory and jurisdictional. The failure to strictly follow the notice procedures contained in the Code [deny the defendant] a substantive right and the constitutional guarantee of due process.'" Weese v. Commonwealth, 30 Va. App. 484, 489, 517 S.E.2d 740, 743 (1999) (quoting Karim v. Commonwealth, 22 Va. App. 767, 779, 473 S.E.2d 103, 108-09 (1996) (en banc)); see Baker, 28 Va. App. at 310, 540 S.E.2d at 396.[2] Thus, "where a [J&D] court conducts a

_____

[1] Although inapplicable to the instant proceedings, effective July 1, 1999, Code § 16.1-263 was amended to direct "issuance of summonses" to "at least one parent." See 1999 Va. Acts, c. 952.

[2] Although also inapplicable here, Code § 16.1-269.1(E) "provide[s] that, as to offenses committed on or after July 1, 1996,

- 5 -

delinquency proceeding without notifying the parents or certifying that notice cannot reasonably be obtained, a resulting conviction order is void." Duong v. Commonwealth, 34 Va. App. 424, 428, 542 S.E.2d 47, 49 (2001). In Moore, the Court instructed that such mandated statutory notice is not subject to waiver. 259 Va. at 440, 527 S.E.2d at 410-11.

Here, the Commonwealth correctly reminds us that Code § 16.1-270 provides that "[a]t any time prior to commencement of the adjudicatory hearing a juvenile . . . , with the written consent of his counsel, may elect in writing to waive the jurisdiction of the [J&D] court and have his case transferred to the appropriate circuit court." However, contrary to the Commonwealth's argument, such waiver provisions relate to transfer and do not dispense with the statutory notice necessary to confer subject matter jurisdiction upon the J&D court at the inception of the proceedings. See id. at 437, 527 S.E.2d at 409. Manifestly, a waiver permitted by Code § 16.1-270 is predicated upon the existence of authority in the J&D court to act and cannot cure an antecedent and fatal defect in the underlying jurisdiction. See Langhorne v. Commonwealth, 35 Va. App. 19, 24, 542 S.E.2d 780, 782 (2001).

once an indictment has been returned in the circuit court, any failure to comply with the parental notification provisions of Code §§ 16.1-263 and -264 does not deprive the court of subject matter jurisdiction." Carter v. Commonwealth, 31 Va. App. 393, 394-95, 523 S.E.2d 544, 545 (2000).

Accordingly, we reverse the trial court and remand for such further proceedings as the Commonwealth may deem appropriate.

<u>Reversed and remanded</u>.