COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


SHERRIE MAYO

MEMORANDUM OPINION* BY
v.      Record No. 2881-05-4            JUDGE JOHANNA L. FITZPATRICK
OCTOBER 10, 2006

GREGORY MAYO


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Herman A. Whisenant, Jr., Judge Designate

David Paul Morgan (Smith & Wells, P.C., on brief), for appellant.

Brian M. Hirsch (Craig & Hirsch, P.C., on brief), for appellee.


Sherrie Mayo (wife) appeals the October 28, 2005 final decree awarding Gregory Mayo

(husband) a divorce *a vinculo matrimoni*.  On appeal, wife asserts the trial court lacked subject

matter jurisdiction to grant the divorce.  We do not address the merits of wife's contention

because we find that she failed to preserve it for appeal.  Husband seeks costs and attorney's fees

associated with this appeal.  We affirm the trial court.[1]

BACKGROUND

The parties married on October 26, 2002.  On September 15, 2004, husband filed a bill of

complaint seeking a divorce from wife.  He alleged the parties separated on August 31, 2004.

On October 15, 2004, wife filed a cross-bill of complaint seeking a divorce on fault grounds.

The trial court heard evidence relating to the cause on September 15 and 16, 2005.  On October

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wife filed a motion for a continuance and for the dismissal of her counsel.  We deny her continuance motion and note she withdrew her motion for dismissal of counsel prior to argument.

28, 2005, the court issued its final decree, granting husband a divorce from wife on the ground of a one-year separation.

## ANALYSIS

### I.

Wife contends as her question presented to this Court that the trial court lacked "subject matter jurisdiction to grant a divorce under the authority of Code §§ 20-91 or 20-121.02 in light of evidence that the parties vacationed together as a family after the alleged separation date, and cohabited together in the family home until some time in September 2004." Wife provides no citation to the record to demonstrate she preserved the issue for appeal. Instead, she frames her question as a challenge to the court's subject matter jurisdiction and, citing Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 894 (1947), notes that "lack of subject matter jurisdiction 'may be raised at any time, in any manner, before any court, or by the court itself.'"

However, "[s]ubject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate *a class of cases or controversies*." Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999) (emphasis added). See David Moore v. Commonwealth, 259 Va. 431, 437, 527 S.E.2d 406, 509 (2000), overruled on other grounds by Nelson v. Warden, 262 Va. 276, 285, 552 S.E.2d 73, 77 (2001). Unquestionably, subject matter jurisdiction for divorce rests with the circuit court. Code § 20-96. Wife's challenge to the court's ruling is nothing more than a challenge to the sufficiency of the evidence supporting the trial court's finding that the parties lived separate and apart for one year prior to husband's filing his bill of complaint for a divorce. Thus, wife was required to raise this issue before the trial court. She failed to do so.

Although wife neglected to include the entire final decree in her appendix, the record reveals wife was present at the hearing, refused to endorse the order, and made no objections to the entry of the final decree. The limited transcript included in the appendix by wife provides no

objection by wife to the court's conclusion that the evidence established the parties had lived separate and apart for one year or more prior to the husband's filing his bill of complaint.

Our review of the record indicates that at no point did wife make before the trial court the argument she makes on appeal. Thus, the trial court was never advised of the claim wife now makes and had no opportunity to consider, address, or resolve that issue.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Because wife did not raise this issue before the trial court, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

## II.

Husband requests this Court to award attorney's fees and costs incurred on appeal.

Upon a review of this appeal, we find that the wife's case was not supported by law or evidence. See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994). Therefore, we award attorney's fees to husband and remand this case to the trial court to determine an appropriate award of attorney's fees and costs incurred in this appeal, including any attorney's fees and costs incurred at the remand hearing, and any reasonable attorney's fees and costs of collection, if necessary.

We hold that wife failed to comply with the requirements of Rule 5A:18. Accordingly, we affirm the trial court.

Affirmed.