520 S.E.2d 831

Linda K. AVERY

v.

**VIRGINIA RETIREMENT SYSTEM.**

Record No. 2325–98–4.

Court of Appeals of Virginia,
Alexandria.

Nov. 9, 1999.

2

R. Scott Oswald (Noto & Oswald, P.C., on brief), Washington, DC, for appellant.

Brian J. Goodman, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: BENTON and ANNUNZIATA, JJ., and DUFF, Senior Judge.

BENTON, Judge.

This appeal arises under the Administrative Process Act. Linda K. Avery contends the trial judge erred in denying her application for an award of attorney fees pursuant to Code § 9–6.14:21. As an additional issue, *see* Rule 5A:21, the Virginia Retirement System contends the circuit court "lacked subject matter jurisdiction to hear this case." For the reasons that follow, we hold that the circuit court had subject matter jurisdiction and that the trial judge erred in denying Avery's application for attorney fees.

**4**

## I.

The record establishes that on April 1, 1995, Linda K. Avery, an employee of the Prince William County School Board, applied to the Virginia Retirement System for disability retirement due to fibromyalgia and chronic depression. The Medical Board reviewed Avery's application, *see* Code § 51.1–124.23, and opined that other treatment needed to be attempted before Avery's condition could be viewed as permanent. Following a fact finding hearing, the hearing officer recommended that Avery's application be denied. Upon review, however, the Director of the Retirement System, who is "the chief administrative officer of the Retirement System," Code § 51.1–124.22(A)(1), approved Avery's application for disability retirement on March 29, 1996.

Eight months after the Retirement System approved her disability retirement, Avery received a letter requesting that she complete a questionnaire concerning the status of her disability. The letter cited Code § 51.1–159. Upon receipt of Avery's response, the Medical Board concluded that "[Avery] is not significantly different than she was [when disability was approved]." The Medical Board "requested [Avery to submit to] a psychiatric consultation to help determine the present state of [her] disability." Following the consultation, the psychiatrist opined that "Avery is not suffering from an emotional illness which would totally and permanently prevent her from performing her job." After receiving that opinion, the Medical Board reported that it "still fails to find evidence of permanent disability." The Retirement System then informed Avery on May 14, 1997, that she would "be removed from disability retirement effective with the check dated June 1, 1997."

Based upon the reports from her psychiatrist and physician that her condition was unchanged- and that she was "totally and permanently disabled," Avery appealed to the Retirement System to reconsider its decision. Citing the Medical Board's consideration of the additional evidence, the Retirement System denied her appeal. Following a fact finding hearing held

at Avery's request, the hearing officer ruled that "Avery's medical condition has changed little, if at all, since February, 1996." Thus, "[a]s before, [the hearing officer] recommend[ed] against an award of disability benefits." The Retirement System accepted this recommendation and, in pertinent part, informed Avery as follows:

Based on the [Retirement System's] review and the recommendation of its independent fact-finder, your recall application is denied. The medical evidence has not proven that your incapacity is "likely to be permanent," as required by Section 51.1–156(E) of the Code of Virginia. This was evidenced by the conclusion of the Medical Review Board on three occasions and a psychiatric independent medical examination. Finally, there is no basis to disagree with the independent fact-finder. It is the applicant's burden to prove every element required by Section 51.1–156(E) to sustain an approval of disability.

Avery appealed that decision to the circuit court. Her petition to the circuit court alleged the following:

In its decision to revoke ... Avery's disability designation, the [Retirement System] treats her case as if she were applying for an original grant of disability retirement; rather than as a former employee of the Commonwealth who the [Retirement System] has already found to be disabled and is merely undergoing an annual review of her medical condition. In the factual record upon which its decision is based, the [Retirement System] seems to rely on the legal standard set out in [Code] § 51.1–156(E), which is applicable to initial applications for retirement benefits, rather than the appropriate legal standard set out in [Code] § 51.1–159(B), which applies to employees already receiving disability retirement benefits.

Furthermore, Avery contended that under the appropriate statute, the Retirement System had the burden to prove and failed to prove by " 'substantial evidence' that there has been an improvement in ... Avery's medical condition such that

she is 'no longer' disabled as mandated by [Code] § 51.1–159(B)."

Asserting that Avery had not "complied with the proper procedure to effect service," the Retirement System responded by filing a demurrer, which the trial judge denied. In its answer to Avery's petition, the Retirement System denied that it erred in its decision to revoke Avery's disability retirement and again alleged, this time as an affirmative defense, the claim of failure to effect service.

The statement of facts entered by the trial judge reflects the following incidents occurred in the circuit court:

At a hearing on the merits of this case conducted on August 10, 1998, this Court expressed its apprehension with the ... Retirement System's apparent derogation of ... Avery's Procedural Due Process right to notice of the applicable statute under which the [Retirement System] proposed to revoke ... Avery['s] retirement benefit. It ordered the parties to file a statement of position as to whether [the Retirement System] has committed a Due Process violation.

On August 25, 1998, [the Retirement System] filed a Motion to Remand ... Avery's Case to the [Retirement System]. In its motion and proposed order, [the Retirement System] requested this Court to reinstate [Avery's] disability retirement benefit effective June 1, 1997, subjecting [Avery's] disability retirement benefit to reevaluation, pursuant to ... Code §§ 51.1–159 and 156(E), no sooner than that date which was one year after the date of entry of the order.

On August 27, 1998, [Avery] submitted her response to [the Retirement System's] Motion to Remand her case.... [Avery] joined in [the Retirement System's] motion and requested attorney fees and costs pursuant to [Code § ]9-6.14:21A.

On September 17, 1998, this Court entered an Order remanding this case to the [Retirement System]; reinstating [Avery's] disability retirement benefit effective as of

June 1, 1997; and subjecting [Avery's] disability retirement benefit to reevaluation, pursuant to ... Code §§ 51.5–159 and 156(E) no sooner than that date which was one year after the date of entry of this Court's order. The Court denied [Avery's] request for costs and attorney fees without explanation.

\*    \*    \*    \*    \*    \*

The Statement of Facts ... is hereby corrected as follows:

The first paragraph ... is inaccurate, specifically as is detailed by the [Retirement System] in Paragraph Five of its *Objection To Statement of Facts.*

Paragraph Five of the Retirement System's *Objection To Statement of Facts* reads as follows:

[The Retirement System] objects to the Hearing Paragraph because it does not describe fully the August 10, 1998 hearing. At that hearing, [the Retirement System] was not ordered to file any pleading. Without reaching the merits of the case, this Court ordered Avery to file a memorandum on the due process issue within 14 days, and [the Retirement System] would be given an opportunity to respond. Avery never filed a memorandum, and Avery was unsuccessful in obtaining an extension of time to file her memorandum.

As noted in the statement of facts, the trial judge's final order remanded the matter to the Retirement System to reinstate Avery's disability retirement benefits effective June 1, 1997, which was the effective date of the Retirement System's order terminating Avery's disability benefits. The final order also authorized the Retirement System to conduct further administrative proceedings, including a statutorily permitted review of her disability, *see* Code § 51.1–159, "no sooner than ... one year after the date of entry of [the final] order."

## II.

In the trial court and on this appeal, the Retirement System alleged that Avery did not comply with the service requirements of Rule 2A:4 and that, as a consequence, the circuit court lacked "subject matter jurisdiction." Initially, we note that the trial judge denied the demurrer and that the record contains no evidence to support the Retirement System's claim that the trial judge's ruling was erroneous.

We hold, however, that the Retirement System's contention that Avery did not satisfy the procedural requirement of Rule 2A:4 does not implicate the circuit court's "subject matter jurisdiction." The Supreme Court has clearly ruled that "[s]ubject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies." *Earley v. Landsidle*, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999) (citations omitted). The Administrative Process Act confers jurisdiction upon the circuit court to review agency case decisions. *See* Code § 9–6.14:16; *Virginia Bd. of Medicine v. Virginia Physical Therapy Ass'n*, 13 Va.App. 458, 466, 413 S.E.2d 59, 64 (1991), *aff'd*, 245 Va. 125, 427 S.E.2d 183 (1993). In pertinent part, the Act provides as follows:

A. Any person affected by and claiming the unlawfulness of any regulation, or party aggrieved by and claiming unlawfulness of a case decision, as the same are defined in [Code] § 9–6.14:4 of this chapter and whether or not excluded from the procedural requirements of Article 2 ( [Code] § 9–6.14:7.1 et seq.) or 3 ( [Code] § 9–6.14:11 et seq.) hereof, shall have a right to the direct review thereof by an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia. Such actions may be instituted in any court of competent jurisdiction as provided in [Code] § 9–6.14:5, and the judgments of such courts of original jurisdiction shall be subject to appeal to or review by higher courts as in other cases unless otherwise provided by law. In addition, when any such regulation or

case decision is the subject of an enforcement action in court, the same shall also be reviewable by the court as a defense to the action, and the judgment or decree therein shall be appealable as in other cases.

B. The provisions of this article shall apply to case decisions regarding the grant or denial of aid to dependent children, Medicaid, food stamps, general relief, auxiliary grants, or state-local hospitalization. However, no appeal pursuant to this article may be brought regarding the adequacy of standards of need and payment levels for public assistance programs. Notwithstanding the provisions of [Code] § 9–6.14:17, such review shall be based solely upon the agency record, and the court shall be limited to ascertaining whether there was evidence in the agency record to support the case decision of the agency acting as the trier of fact. If the court finds in favor of the party complaining of agency action, the court shall remand the case to the agency for further proceedings. The validity of any statute, regulation, standard or policy, federal or state, upon which the action of the agency was based shall not be subject to review by the court. No intermediate relief shall be granted under [Code] § 9–6.14:18.

Code § 9–6.14:16.

The Act specifically excludes from review under its provisions only the following:

This article does not apply to any agency action which (i) is placed beyond the control of the courts by constitutional or statutory provisions expressly precluding court review, (ii) involves solely the internal management or routine of an agency, (iii) is a decision resting entirely upon an inspection, test, or election save as to want of authority therefor or claim of arbitrariness or fraud therein, (iv) is a case in which the agency is acting as an agent for a court, or (v) encompasses matters subject by law to a trial de novo in any court.

Code § 9–6.14:15.

Avery's petition invoked the circuit court's jurisdiction to review a final case decision rendered by the Retirement

System. Moreover, the Retirement System makes no claim that the review does not involve a challenge to its case decision. Thus, the Retirement System's contention that the circuit court lacked subject matter jurisdiction is meritless.

### III.

Avery contends that she substantially prevailed on the merits of the case, that the Retirement System's position was not substantially justified, and that no special circumstances existed that would make an award of attorney fees unjust. *See* Code § 9–6.14:21. We agree.

In relevant part, the attorney fees provision of the Administrative Process Act states as follows:

> In any civil case brought under [the pertinent provisions of this Act] in which any person contests any agency action, ... such person shall be entitled to recover from that agency ... reasonable costs and attorney fees if such person substantially prevails on the merits of the case and the agency's position is not substantially justified, unless special circumstances would make an award unjust.

Code § 9–6.14:21.

### (A)

■ By "a final case decision" entered March 29, 1996, the Retirement System approved Avery's disability retirement. *See, e.g., State Bd. of Health v. Va. Hospital Ass'n,* 1 Va.App. 5, 8, 332 S.E.2d 793, 795 (1985) (noting that the agency's decision rendered after a hearing officer's recommendation is "a final [case] decision at the agency level"). After the Retirement System revoked her disability retirement in May 1997, Avery appealed to the circuit court, invoking judicial review of that revocation. *See* Code § 9–6.14:16 and Code § 9–6.14:17. Although the trial judge's final order authorized the Retirement System to conduct a statutorily permitted review of Avery's disability, *see* Code § 51.1–159, "no sooner than ... one year after the date of entry of [the final] order," the order also remanded the matter to the Retirement System to reinstate Avery's disability retirement benefits effective

June 1, 1997, which was the effective date of the Retirement System's order terminating Avery's disability benefits.

The final order undisputedly granted Avery all the relief she sought. Accordingly, we hold that Avery substantially prevailed on the merits of the litigation. *Cf. RF&P Corporation v. Little,* 247 Va. 309, 323 n. 5, 440 S.E.2d 908, 917 n. 5 (1994) (noting that a party who "did not prevail on each theory he advanced in the trial court" could still "show that he substantially prevailed on the merits of the case" because it is "not [necessary] that he prevailed on every issue he raised"); *Commonwealth v. May Brothers, Inc.,* 11 Va.App. 115, 120, 396 S.E.2d 695, 698 (1990) (noting that when the issue in dispute was decided in one party's favor, that party substantially prevailed on the merits).

## (B)

■ When the Retirement System revoked Avery's disability, the pertinent statute read as follows:

A. Once each year following retirement, the Board [of Trustees of the Retirement System] may require a former member who retired for disability and who has not attained his normal retirement age to undergo a medical examination by the Medical Board or a physician or physicians designated by the Medical Board. If the former member refuses to submit to the required medical examination, his retirement allowance shall be discontinued until he complies. If he does not comply within six months of the date of the request, all of his rights to any further disability retirement allowance shall cease, subject to the provisions of [Code] § 51.1–160.

B. If the Medical Board determines that a beneficiary is no longer disabled after reviewing the findings of any of the medical examinations provided for in this section, all rights to any further disability allowance shall cease, subject to the provisions of [Code] § 51.1–160.

Code § 51.1–159.

■ Clearly the legislature intended to authorize the Retirement System to empower the Medical Board to conduct an

annual review of a beneficiary's disability status. The operative language in Code § 51.1–159(B) provides that the Medical Board is to determine whether "a beneficiary is no longer disabled."[1] "Although the Medical Board is required to review all medical reports and statements and to report its findings and recommendations to [the Retirement System], the Medical Board is subject to control by [the Retirement System]." *Rizzo v. Virginia Retirement System,* 255 Va. 375, 384, 497 S.E.2d 852, 857 (1998).

The statute places upon the Retirement System the burden of showing a change in condition before revoking the disability benefits of a person who had been declared disabled by a final case decision. The inquiry under this statute focuses on the continuing nature of the disability, rather than an initial determination of disability. Indeed, the principle is generally established that following a final decision by an agency establishing a finding of disability, that finding is reviewable only upon a showing of change in condition. *See, e.g., Malland v. Dep't of Retirement Sys.,* 103 Wash.2d 484, 694 P.2d 16, 21 (1985) (*en banc*) (holding that semi-annual reexamination of retirees awarded disability allowance is limited to a determination whether the retiree is "still unable to perform his duties"). When the inquiry focuses upon the continuing nature of the disability, "[t]he burden of proving such a change in circumstances rests with the Department." *Id.*

Although the Medical Board initially recommended against Avery's disability benefits, the Director of the Retirement System rejected that recommendation and, by a final case decision in March 1996, granted Avery's application. The record does not establish that the Retirement System found Avery was no longer eligible for disability benefits because of a change in her condition. Instead, the evidence proved that her condition had changed very little and that the Retirement System had simply used the examination process to revoke

---

1. The statute was amended in 1998 to substitute "not" for "no longer."

her award. Clearly, the informal fact finder and the Medical Board adhered to their initial belief that fibromyalgia is not a disability that qualifies Avery for benefits. Once Avery's disability had been determined and established by a final case decision, however, a mere change in opinion concerning the initial finding of disability does not qualify as a change in condition. *See AMP, Inc. v. Ruebush,* 10 Va.App. 270, 275, 391 S.E.2d 879, 882 (1990); *Cf. Mace v. Merchants Delivery,* 221 Va. 401, 403–05, 270 S.E.2d 717, 718–20 (1980) (holding that in the absence of any objective medical evidence of continued physiological abnormality, a physician's opinion that the employee is able to resume unrestricted work qualifies as a change in condition).

Principles of *res judicata* bar the Retirement System from using the annual review process to reach a result that is contrary to a decision made in Avery's favor in the final case decision. *See Ruebush,* 10 Va.App. at 275, 391 S.E.2d at 882. *Cf. Dotson v. Schweiker,* 719 F.2d 80, 82 (4th Cir.1984) (noting that "[t]o conclude otherwise would permit the [agency] to submit the same medical evidence to different physicians time and time again until the [agency] obtains a favorable result").

The general principles concerning application of res judicata to agency adjudicatory decisions are well-established and easy to state: (1) In the absence of statutory direction to the contrary, courts will apply res judicata and collateral estoppel to agency adjudicatory decisions that resolve disputed issues of fact properly before the agency "which the parties have had an adequate opportunity to litigate," (2) the principle stated in (1) applies to state agencies as well as to federal agencies.

2 K. Davis and R. Pierce, Jr., *Administrative Law Treatise* § 13.3, at 248 (3d. ed.1994). Further, a statutory interpretation which seeks to prevent relitigation of previously determined issues between the same parties is consistent with the judicial principles of finality and fairness embodied in the doctrine of collateral estoppel. *See Malland,* 694 P.2d at 21 (holding that "[w]ithout the requirement that some change in circumstances be shown on reexamination, the Department

would be allowed to relitigate the same issues resolved in the initial disability").

In addition, to permit an agency, which has once declared by final case decision that a beneficiary is entitled to disability retirement, to redetermine that same issue on an annual basis without requiring a finding of change in condition subjects the beneficiary to arbitrary and capricious agency action. The principle is well established that agency action that is arbitrary and capricious is invalid. *See Life Care Center of New Market v. Dept. of Medical Assistance Services,* 25 Va.App. 513, 521, 489 S.E.2d 708, 712 (1997).

In her petition for review, Avery alleged that the Retirement System wrongly "reconsider[ed] *sua sponte,* the merits of its original 1996 decision to grant ... Avery's disability application." Avery also pointed to the differing functions of Code §§ 51.1–159 and 51.1–156 and alleged the Retirement System acted in derogation of those functions. Beyond a general denial in its answer, the Retirement System has put forward no meritorious argument upon which the trial judge could have concluded that the "agency's position [was] substantially justified."

The Retirement System argued in the trial court "that Avery was granted a disability pension by the Director of [the Retirement System] as a matter of pure administrative *grace* despite the clear absence of the certification required by [Code] § 51.1–156(E)." Arguing that Code § 51.1–156(E) stands for the proposition "that a binding determination of disability shall rest upon the certification of the Medical Board," the Retirement System implied that the Director's initial award of benefits was invalid. As we earlier noted, the decisions of the Medical Board are "subject to control by the [Retirement System]." *Rizzo,* 255 Va. at 384, 497 S.E.2d at 857. By a final case decision, the Director awarded Avery disability status on March 29, 1996 despite the Medical Board's contrary recommendation. We find no support for the Retirement System's assertion that an award of benefits by the Director, which overrules the Medical Board's recom-

mendation, is not a valid final case decision. The March 1996 letter from the Director to Avery granting her application for disability retirement specifically refers to the determination as "a *final case decision*," conditioned only upon an annual review of disability status. We hold it was such.

Additionally, the Retirement System argued that Avery had notice that the Medical Board originally did not find her to be disabled based on Code § 51.1–156(E) and would therefore subject her to re-examination pursuant to Code § 51.1–156(E). In support of this assertion, the Retirement System cites a 1996 letter from the hearing officer and a 1995 letter from the Medical Board recommending against the original disability determination. It does not follow, however, that Avery should have known the Retirement System could retroactively apply Code § 51.1–156(E). The Retirement System specifically cited Code § 51.1–159 as the basis upon which it requested that Avery submit updated medical reports or schedule a consultation with a physician for a determination as to her disability status. Indeed, it appears that in view of Avery's allegation that the Retirement System improperly confused the functions of the two statutes in revoking her disability retirement, the trial judge expressed concern about a due process violation. That concern led to the Retirement System proposing the remand to the Retirement System and agreeing to the order reinstating Avery's disability benefits.

Moreover, Avery argues that the first time the Retirement System informed her it had used the Code § 51.1–156 standard of review was after her benefits had been revoked and she had exhausted her administrative remedies. Avery contends she relied to her detriment on the Retirement System's indication that it would apply the Code § 51.1–159 standard and submitted medical information to demonstrate that her medical condition had not improved since the initial disability determination. Obviously, the trial judge was concerned that the Retirement System denied Avery the appropriate notice and opportunity to be heard when it misinformed her as to the standard it would apply and then held her reliance on that information against her. *See WLR Foods, Inc. v. Cardosa*, 26

Va.App. 220, 229, 494 S.E.2d 147, 151 (1997). For these reasons, we hold the Retirement System's position in defense of Avery's petition for review was not substantially justified.

Because the record establishes that Avery substantially prevailed, contains evidence that the Retirement System's position was not substantially justified, and discloses no special circumstances that would make an award unjust, we reverse the trial judge's decision and remand for the assessment of reasonable attorney fees.

*Reversed and remanded.*