COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton, Coleman, Elder,
          Bray, Annunziata, Bumgardner, Frank and Humphreys
Argued at Richmond, Virginia


LINDA K. AVERY
                                            OPINION BY
v.   Record No. 2325-98-4      JUDGE JAMES W. BENTON, JR.
                                         AUGUST 15, 2000
VIRGINIA RETIREMENT SYSTEM


                 UPON A REHEARING EN BANC

          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    William D. Hamblen, Judge

          R. Scott Oswald (Noto & Oswald, P.C., on
          brief), for appellant.

          Brian J. Goodman, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     This appeal arises under the Administrative Process Act

from the trial judge's order remanding to the Virginia

Retirement System a case decision for the purpose of awarding

relief to Linda K. Avery.  A panel of this Court held that the

trial judge erred in denying Avery's application for attorney

fees.  In response to the Retirement System's cross-appeal,

contending that "the circuit court did [not] have subject matter

jurisdiction" over the controversy, the panel held that the

circuit court had subject matter jurisdiction.  See Avery v.

Virginia Retirement System, 31 Va. App. 1, 3, 520 S.E.2d 831,

833 (1999).  We granted the Retirement System's petition for a

rehearing en banc on the issue of jurisdiction.  For the reasons
that follow, we affirm the trial judge's denial of the demurrer.

                                I.

     This matter commenced in the circuit court when Avery
appealed a case decision rendered by the Retirement System.  See
id.  The Retirement System demurred to Avery's petition for
appeal, alleging that Avery's petition was not properly before
the circuit court because "there is no showing that to date
[Avery] has complied with the proper procedure to effect service
. . . [and] that [Avery has not] take[n] the steps necessary
within the thirty days to cause a copy of the Petition for
Appeal to be served on [the Retirement System]."  Specifically,
the Retirement System contended in its memorandum in support of
the demurrer that "Avery cannot show that she complied with Rule
2A:4 by requesting service of process, paying a service fee and
providing a service copy of the Petition for Appeal on or prior
to the deadline."[1]  The demurrer and memorandum advance the

_____

     [1] Rule 2A:4(a) provides as follows:

          Within 30 days after the filing of the
          notice of appeal, the appellant shall file
          his petition for appeal with the clerk of
          the circuit court named in the first notice
          of appeal to be filed.  Such filing shall
          include all steps provided in Rules 2:2 and
          2:3 to cause a copy of the petition to be
          served (as in the case of a bill of
          complaint in equity) on the agency secretary
          and on every other party.

                              - 2 -

argument that the Rule requirements "are mandatory and jurisdictional."  Succinctly put, the Retirement System "argue[d] that Avery did not timely take all steps required under Rules 2:2 and 2:3 to effect <u>service of process</u>."

In reply to the demurrer, Avery stated the following:

> Avery responds that [Rule] 2:2 does not mandate that Avery ask the Clerk's Office for service to be made on a defendant in order for her case to be properly filed. Avery further asserts that neither [Rule] 2:2 nor 2:3 require[s] Avery to pay a fee for service.  Finally, contrary to the [Retirement System's] contention, Avery asserts that she did provide an extra copy of her petition for service to the Court Clerk as part of her April 30, 1998 filing. While Avery does concede that she did not request the Court Clerk to issue a subpoena in chancery and that thus no subpoena in chancery was mailed to the [Retirement System] on April 30, 1998, Avery contends

Rule 2:2 provides, in pertinent part as follows:

> A suit in equity shall be commenced by filing a bill of complaint in the clerk's office.  The suit is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk's fees shall be paid before the subpoena in chancery is issued. . . .  Without more it will be understood that all the defendants mentioned in the caption are made parties defendant and required to answer the bill of complaint; that proper process against them is requested.

Rule 2:3 provides, in pertinent part as follows:

> The plaintiff shall furnish the clerk when the bill is filed with as many copies thereof as there are defendants upon whom it is to be served. . . .  A deficiency in the number of copies of the bill shall not affect the pendency of the suit.

that the [savings] Clause of [Rule] 2:3
applies to her case.

Following a hearing, the trial judge entered an order denying

the demurrer.

Because a transcript is not included in the record, we have

only the pleadings and exhibits upon which to discern the nature

of the arguments in the circuit court.  In addition to the

pleadings, the record contains copies of three decisions by

other circuit court judges in other cases regarding the

requirements of Rules 2A:4, 2:2 and 2:3.  For example, a copy of

a letter opinion in Farris v. Virginia Retirement System, Case

No. HI-1532-4 (Va. Richmond Cir. Ct. Jan. 28, 1998), was

presented to the trial judge as persuasive authority for his

decision on the demurrer.  Apparently, this was done because

when this matter was pending in the circuit court, no appellate

court had decided the issue whether a petitioner was required by

Rules 2:2 and 2:3 to specifically request that the clerk's

office issue service of process.  We note, however, that since

that time, we have decided that issue.  See Kessler v. Smith, 31

Va. App. 139, 521 S.E.2d 774 (1999).  In any event, the trial

judge denied the demurrer without specifying the issues argued.

On its cross-appeal to this Court, the Retirement System's

written argument to the panel consisted of the following two

paragraphs:

On June 23, 1998, [the trial judge]
overruled a demurrer that [the Retirement

- 4 -

System] filed. [The Retirement System] asserted in its demurrer that the Circuit Court lacked subject matter jurisdiction to hear this case because Avery failed to properly perfect her appeal pursuant to Part Two A of the rules of the Virginia Supreme Court. There is a split of authority among the circuits on this issue. Moreover, a case addressing this very issue is now pending before this Court.

[The Retirement System] hereby reasserts its position that the Circuit Court lacked subject matter jurisdiction to hear this case, and it should be dismissed.

(Citations omitted).

A panel of this Court held that "the Retirement System's contention that the circuit court lacked subject matter jurisdiction is meritless." Avery, 31 Va. App. at 10, 520 S.E.2d at 836. We granted this petition for rehearing to review that ruling.

II.

The Supreme Court has held that "[s]ubject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies." Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999). An important distinction exists between "the power of a court to adjudicate a specified class of cases, commonly known as 'subject matter jurisdiction,' and the authority of a court to exercise that power in a particular case." David Moore v. Commonwealth, 259 Va. 431, 437, 527 S.E.2d 406, 409 (2000). The

Administrative Process Act confers upon the circuit court the power to review agency case decisions.  See Code § 9-6.14:16; Virginia Bd. of Medicine v. Virginia Physical Therapy Ass'n, 13 Va. App. 458, 466, 413 S.E.2d 59, 64 (1991), aff'd, 245 Va. 125, 427 S.E.2d 183 (1993).

"A court's authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court's lawful exercise of that jurisdiction."  Dennis Moore v. Commonwealth, 259 Va. 405, 409, 527 S.E.2d 415, 417 (2000) (emphasis added).  When the failure to comply with a statutory requirement is merely procedural, however, it is subject to cure or waiver.  See David Moore, 259 Va. at 439, 527 S.E.2d at 410 (holding that failure to provide written notice to parents is cured by actual presence of juvenile's parents at the transfer hearing) (citing Turner v. Commonwealth, 216 Va. 666, 670, 222 S.E.2d 517, 520 (1976)).  A defect in service is precisely such a procedural error.  See Hewitt v. Virginia Health Services Corp., 239 Va. 643, 645, 391 S.E.2d 59, 60 (1990) (holding that "[t]he failure to serve the notice of [tort] claim properly does not affect the trial court's subject matter jurisdiction").

Discussing the variety of reasons for which a court may lack the requisite "jurisdiction" to proceed to an "adjudication

on the merits" of a case, the Supreme Court has decided the

following:

> The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is in rem seizure of a res; and "the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree."
>
> While these elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other "jurisdictional" elements. Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties. A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void. Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity.
>
> Even more significant, the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court sua sponte. In contrast, defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal. Rule 5:25.

> One consequence of the non-waivable nature of the requirement of subject matter jurisdiction is that <u>attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved</u>.

<u>Morrison v. Bestler</u>, 239 Va. 166, 169-70, 387 S.E.2d 753, 755-56 (1990) (citations omitted) (emphasis added).

Because the Retirement System raised before this Court the issue of subject matter jurisdiction, that is the issue we decide.[2]  We hold that the circuit court had subject matter jurisdiction to adjudicate Avery's appeal from a case decision issued by the Retirement System.  Accordingly, we affirm the order denying the demurrer, and we reverse and remand the issue of attorney fees.  See <u>Avery</u>, 31 Va. App. at 11-16, 520 S.E.2d at 836-38.

<u>Affirmed, in part,
reversed and remanded,
in part.</u>

---

[2] In its brief on rehearing <u>en banc</u>, the Retirement System states that "[t]he issue before the full Court in this rehearing <u>en banc</u> is whether Avery obtained valid process and caused service of process on [the Retirement System] within 30 days of filing her notice of appeal in order to perfect her appeal."  We have decided that issue in <u>Kessler</u>, 31 Va. App. at 144, 521 S.E.2d at 776, a case that the Retirement System did not discuss in its brief.  Furthermore, that issue does not raise a question regarding the circuit court's subject matter jurisdiction.

Bumgardner, J., dissenting.

I respectfully dissent because I conclude the trial court lacked active jurisdiction to hear the appeal. The Virginia Retirement System demurred to the petition for appeal and stated, "without proper service of process this Court has no jurisdiction." That raised the issue that the parties briefed and argued to this Court en banc: Is delivery of process by Federal Express service of process?

Avery never served process on the agency. She mailed a copy of the petition for appeal. After the demurrer raised the issue of lack of service, she had process issued but had it delivered by Federal Express. Avery argues that delivery by Federal Express was service of process as required by the Administrative Process Act and Rule 2A:4.

As the majority opinion defines "subject matter jurisdiction," it is referring to what is also called "potential jurisdiction." That is, "the power granted by the sovereignty creating the court to hear and determine controversies of a given character." Edwin B. Meade, Lile's Equity Pleading and Practice 5 (3d ed. 1952). It is distinguished from "active jurisdiction" which is the right to exercise potential jurisdiction in a particular case. "We may therefore, define active jurisdiction as the right to exercise the potential jurisdiction in a given case. In other words, active jurisdiction connotes potential jurisdiction, plus such

- 9 -

conditions of fact in the particular case, as are necessary to enable the court, under existing rules, to hear and determine that cause."  Id. at 6 (emphasis in original).

"Where potential jurisdiction exists, active jurisdiction, which . . . is the right actually to exercise the judicial function of hearing and determining a particular cause, may be acquired two ways:  (1) By valid and compulsory process of the court; and (2) By the voluntary submission of the parties."  Id. at 10.  See W. Hamilton Bryson, Bryson on Virginia Civil Procedure 107 (3d ed. 1997).[3]  The issue in this case is not whether the trial court had the authority to hear appeals from administrative agencies, but whether it had active jurisdiction to hear this particular appeal.

"If service of process was not proper or if its issuance was faulty, the court without more does not have active jurisdiction over the parties, and all proceedings in the case are void.  Objections to service of process and active

---

[3] "In addition to having authority over the subject of the litigation, a court must have jurisdiction over the parties to or the property of a particular lawsuit.  Jurisdiction over persons is called active jurisdiction.  It presupposes potential jurisdiction; it is the ability of a court to exercise its general subject matter jurisdiction in a particular cause between the parties before the court.  Active jurisdiction is a matter giving the defendant notice that his rights are going to be adjudicated so that he may appear in court and present his defenses.  The essence of active jurisdiction is fairness to the defendant.  Active jurisdiction is acquired by a court by either service of process on the defendant or by the voluntary appearance of the defendant in court."  Bryson, at 107.

jurisdiction can be raised at any time before a general appearance, in any manner, and by anyone including the judge. The sooner the matter is raised, however, the better." Bryson, at 138. "Objections to process must be made prior to or simultaneously with a pleading to the merits. If they are made afterwards, the pleading to the merits, which constitutes a general appearance, will be considered a waiver of the objection." Id.

"Pleading to the merits of a case without raising the process point will constitute a waiver of defective service of process, as will any appearance by a party, other than for the purpose of objecting to process." Kent Sinclair and Leigh B. Middleditch, Jr., Virginia Civil Procedure 364 (3d ed. 1998) (footnote omitted). The Virginia Retirement System objected to the service of process in its initial pleading. Thus, it did not voluntarily submit to the active jurisdiction of the trial court. If service of process was not proper, the trial court did not have active jurisdiction entitling it to exercise its potential jurisdiction to hear this appeal.

In Mayo v. Dep't of Commerce, 4 Va. App. 520, 358 S.E.2d 759 (1987), this Court held that the time limitation in Rule 2A:4 for filing a petition for appeal was mandatory and the trial court was not authorized to extend the limitation. The court made an analogy between the rules governing appeals to the Supreme Court and the time requirements for appeals to circuit

courts from decisions of administrative agencies. "Generally, rules governing appeal procedures are mandatory and 'compliance with them is necessary for the orderly, fair and expeditious administration of justice.'" Id. at 522, 358 S.E.2d at 761 (citation omitted).

Sours v. Virginia Bd. for Architects, et al., 30 Va. App. 313, 321, 516 S.E.2d 712, 716 (1999), held, "Rule 2A:4 requires that the petition for appeal be filed and that the filing include all steps required to cause the petition to be served on the necessary parties." Because the petition for appeal was actually served, failure to pay the writ tax did not defeat jurisdiction.

Avery never served the Virginia Retirement System with process. The delivery by Federal Express did not comply with Code §§ 8.01-293(A)(2)[4] and -325,[5] which specify how a qualified

---

[4] Code § 8.01-293. Who to serve process.
A. The following persons are authorized to serve process:
1. The sheriff within such territorial bounds as described in § 8.01-295; or
2. Any person of age eighteen years or older and who is not a party or otherwise interested in the subject matter in controversy.

[5] Code § 8.01-325. Return by person serving process. Unless otherwise directed by the court, the person serving process shall make return thereof to the clerk's office within seventy-two hours of service, except when such return would be due on a Saturday, Sunday, or legal holiday. In such case, the return is due on the next day following such

person other than the sheriff serves process.  See Harrell v. Preston, 15 Va. App. 202, 206, 421 S.E.2d 676, 678 (1992) (nothing in record established that process server was qualified to serve process, so the trial court did not acquire personal jurisdiction over defendant).

The trial court did not have active jurisdiction entitling it to exercise its potential jurisdiction (subject matter jurisdiction) to hear Avery's appeal because she did not serve process on the Retirement System and it did not voluntarily submit to the authority of the court.  Accordingly, I conclude the trial court had no authority except to dismiss the appeal.  See Commonwealth ex rel. Duvall v. Hall, 194 Va. 914, 918, 76 S.E.2d 208, 211 (1953).

---

Saturday, Sunday, or legal holiday.  The process shall state thereon the date and manner of service and the name of the party served.

Proof of service shall be in the following manner:

1.  If service by sheriff, the form of the return of such sheriff as provided by the Rules of the Supreme Court; or

2.  If service by any other person qualified under § 8.01-293, whether service made in or out of the Commonwealth, his affidavit of such qualifications; the date and manner of service and the name of the party served; and stamped, typed, or printed on the return of process, an annotation that the service was by a private server, and the name, address, and telephone number of the server . . . .