BENTON, Judge.
This appeal arises under the Administrative Process Act from the trial judge’s order remanding to the Virginia Retirement System a case decision for the purpose of awarding relief to Linda K. Avery. A panel of this Court held that the trial judge erred in denying Avery’s application for attorney fees. In response to the Retirement System’s cross-appeal, contending that “the circuit court did [not] have subject matter jurisdiction” over the controversy, the panel held that the circuit court had subject matter jurisdiction. See Avery v. Virginia Retirement System, 31 Va.App. 1, 3, 520 S.E.2d 831, 833 (1999). We granted the Retirement System’s petition for a rehearing en banc on the issue of jurisdiction. For the reasons that follow, we affirm the trial judge’s denial of the demurrer.
I.
This matter commenced in the circuit court when Avery appealed a case decision rendered by the Retirement System.See id. The Retirement System demurred to Avery’s petition for appeal, alleging that Avery’s petition was not properly before the circuit court because “there is no showing that to date [Avery] has complied with the proper procedure to effect service ... [and] that [Avery has not] take[n] the steps necessary within the thirty days to cause a copy of the Petition for Appeal to be served on [the Retirement System].” Specifically, the Retirement System contended in its memorandum in support of the demurrer .that “Avery cannot show that she complied with Rule 2A:4 by requesting service of process, paying a service fee and providing a service copy of *213 the Petition for Appeal on or prior to the deadline.”[1] The demurrer and memorandum advance the argument that the Rule requirements “are mandatory and jurisdictional.” Succinctly put, the Retirement System “argue[d] that Avery did not timely take all steps required under Rules 2:2 and 2:3 to effect service of process.”
In reply to the demurrer, Avery stated the following:
Avery responds that [Rule] 2:2 does not mandate that Avery ask the Clerk’s Office for service to be made on a defendant in order for her case to be properly filed. Avery further asserts that neither [Rule] 2:2 nor 2:3 require[s] Avery to pay a fee for service. Finally, contrary to the [Retirement System’s] contention, Avery asserts that she did provide an extra copy of her petition for service to the Court Clerk as part of her April 30, 1998 filing. While Avery does concede that she did not request the Court Clerk to issue a subpoena in chancery and that thus no subpoena in chancery was mailed to the [Retirement System] on April 30, 1998, Avery contends that the [savings] Clause of [Rule] 2:3 applies to her case.
*214 Following a hearing, the trial judge entered an order denying the demurrer.
Because a transcript is not included in the record, we have only the pleadings and exhibits upon which to discern the nature of the arguments in the circuit court. In addition to the pleadings, the record contains copies of three decisions by other circuit court judges in other cases regarding the requirements of Rules 2A:4, 2:2 and 2:3. For example, a copy of a letter opinion in Farris v. Virginia Retirement System, Case No. HI-1532-4, 1998 WL 972087 (Va. Richmond Cir. Ct. Jan. 28, 1998), was presented to the trial judge as persuasive authority for his decision on the demurrer. Apparently, this was done because when this matter was pending in the circuit court, no appellate court had decided the issue whether a petitioner was required by Rules 2:2 and 2:3 to specifically request that the clerk’s office issue service of process. We note, however, that since that time, we have decided that issue. See Kessler v. Smith, 31 Va.App. 139, 521 S.E.2d 774 (1999). In any event, the trial judge denied the demurrer without specifying the issues argued.
On its cross-appeal to this Court, the Retirement System’s written argument to the panel consisted of the following two paragraphs:
On June 23, 1998, [the trial judge] overruled a demurrer that [the Retirement System] filed. [The Retirement System] asserted in its demurrer that the Circuit Court lacked subject matter jurisdiction to hear this case because Avery failed to properly perfect her appeal pursuant to Part Two A of the rules of the Virginia Supreme Court. There is a split of authority among the circuits on this issue. Moreover, a case addressing this very issue is now pending before this Court.
[The Retirement System] hereby reasserts its position that the Circuit Court lacked subject matter jurisdiction to hear this case, and it should be dismissed.
(Citations omitted).
A panel of this Court held that “the Retirement System’s contention that the circuit court lacked subject matter juris *215 diction is meritless.” Avery, 31 Va.App. at 10, 520 S.E.2d at 836. We granted this petition for rehearing to review that ruling.
II.
The Supreme Court has held that “[s]ubject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies.” Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999). An important distinction exists between “the power of a court to adjudicate a specified class of cases, commonly known as ‘subject matter jurisdiction,’ and the authority of a court to exercise that power in a particular case.” David Moore v. Commonwealth, 259 Va. 431, 437, 527 S.E.2d 406, 409 (2000). The Administrative Process Act confers upon the circuit court the power to review agency case decisions. See Code § 9-6.14:16; Virginia Bd. of Medicine v. Virginia Physical Therapy Ass’n, 13 Va.App. 458, 466, 413 S.E.2d 59, 64 (1991), aff'd, 245 Va. 125, 427 S.E.2d 183 (1993).
“A court’s authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court’s lawful exercise of that jurisdiction.” Dennis Moore v. Commonwealth, 259 Va. 405, 409, 527 S.E.2d 415, 417 (2000) (emphasis added). When the failure to comply with a statutory requirement is merely procedural, however, it is subject to cure or waiver. See David Moore, 259 Va. at 439, 527 S.E.2d at 410 (holding that failure to provide written notice to parents is cured by actual presence of juvenile’s parents at the transfer hearing) (citing Turner v. Commonwealth, 216 Va. 666, 670, 222 S.E.2d 517, 520 (1976)). A defect in service is precisely such a procedural error. See Hewitt v. Virginia Health Services Corp., 239 Va. 643, 645, 391 S.E.2d 59, 60 (1990) (holding that “[t]he failure to serve the notice of [tort] claim properly does not affect the trial court’s subject matter jurisdiction”).
*216 Discussing the variety of reasons for which a court may lack the requisite “jurisdiction” to proceed to an “adjudication on the merits” of a case, the Supreme Court has decided the following:
The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is in rem seizure of a res; and “the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree.”
While these elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other “jurisdictional” elements. Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties. A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void. Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity.
Even more significant, the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court sua sponte. In contrast, defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal. Rule 5:25.
One consequence of the non-waivable nature of the requirement of subject matter jurisdiction is that attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved.
*217 Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755-56 (1990) (citations omitted) (emphasis added).
Because the Retirement System raised before this Court the issue of subject matter jurisdiction, that is the issue we decide.[2] We hold that the circuit court had subject matter jurisdiction to adjudicate Avery’s appeal from a casé decision issued by the Retirement System. Accordingly, we affirm the order denying the demurrer, and we reverse and remand the issue of attorney fees. See Avery, 31 Va.App. at 11-16, 520 S.E.2d at 836-38.

Affirmed, in part, reversed and remanded, in part.

. Rule 2A:4(a) provides as follows:
Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed. Such filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party.
Rule 2:2 provides, in pertinent part as follows:
A suit in equity shall be commenced by filing a bill of complaint in the clerk’s office. The suit is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk’s fees shall be paid before the subpoena in chancery is issued.... Without more it will be understood that all the defendants mentioned in the caption are made parties defendant and required to answer the bill of complaint; that proper process against them is requested.
Rule 2:3 provides, in pertinent part as follows:
The plaintiff shall furnish the clerk when the bill is filed with as many copies thereof as there are defendants upon whom it is to be served____ A deficiency in the number of copies of the bill shall not affect the pendency of the suit.

. In its brief on rehearing en banc, the Retirement System states that “[t]he issue before the full Court in this rehearing en banc is whether Avery obtained valid process and caused service of process on [the Retirement System] within 30 days of filing her notice of appeal in order to perfect her appeal.” We have decided that issue in Kessler, 31 Va.App. at 144, 521 S.E.2d at 776, a case that the Retirement System did not discuss in its brief. Furthermore, that issue does not raise a question regarding the circuit court’s subject matter jurisdiction.