# CIRCUIT COURT OF ISLE OF WIGHT COUNTY

Eunice Inez Denson

v.

Virginia Retirement System
and Isle of Wight County Schools

October 23, 2000

Case No. CH 99-126

BY JUDGE D. ARTHUR KELSEY

The plaintiff, Eunice Denson, worked for approximately two years as a custodian at Smithfield High School. She left that position in June 1998, claiming to be suffering from a chronic fibromyalgia syndrome. She sought retirement disability benefits from the Virginia Retirement System ("VRS"), arguing that her condition rendered her permanently disabled. After receiving conflicting medical evidence, the VRS denied the claim. She now appeals to this Court seeking judicial review of the VRS's decision. Because substantial evidence supports the VRS's determination, the Court declines to disturb it.

Denson worked the night shift at Smithfield High School, performing custodial duties. In late 1997 and early 1998, she began experiencing various physical ailments, including burning sensations and pain in her legs, back, and shoulders. She also suffered from swelling, cramps, and headaches. She eventually left her position because of her physical condition on June 12, 1998.

Before leaving her job, Denson had begun to receive treatment for these medical problems from Dr. Bernard Jamison, a family physician. Dr. Jamison

reported that Denson complained of low back pain and lower abdomen pain in January 1998. The back pain complaints continued into February and March 1998. In April 1998, Dr. Jamison diagnosed her condition as arthritis of the left knee and spondylolysis of the back. He also ordered an MRI scan, which was normal except for minimal bulging of the L5-S1 vertebral discs.

Stating that he could not isolate a medical reason for Denson's pain complaints, Dr. Jamison referred Denson to Dr. Alan Doyle in April 1998. Dr. Doyle likewise could not identify any anatomical cause of the pain. Dr. Jamison then referred Denson to Dr. Marie Holland, a neurologist. Dr. Holland recommended that Denson see Dr. Jane Derrig, a rheumatologist, because of the possibility of fibromyalgia.

Dr. Derrig examined Denson on three occasions in August, September, and October 1998. Dr. Derrig filed a VRS Physician's Report, dated October 6, 1998, stating that Denson's complaints could be attributable to "diffuse myalgias/arthralgias." This condition, Dr. Derrig reported, did not render Denson permanently disabled. In addition, Dr. Derrig stated that she suspected a "secondary gain" motivation and advised Denson "to return to work as soon as possible."

Denson continued to see her family physician, Dr. Jamison. He filed a VRS Physician's Report on October 1, 1998, concluding that Denson was totally, but only temporarily, disabled due to fibromyalgia. Dr. Jamison reported that Denson should be able to return to work on April 1, 1999, six months later. A week after filing the first VRS Physician's Report, Dr. Jamison filed a second report. Without explanation, Dr. Jamison checked a box on the form indicating that Denson was *permanently* disabled. No office examination, however, had taken place between the time of the first report and the second. Nor did Dr. Jamison provide any narrative description of the specific medical impairments or functional limitations justifying the permanency opinion.

On the same day as Dr. Jamison's second report, Denson executed an "Application for Disability Retirement" seeking benefits from the Virginia Retirement System. The VRS reported to Denson that her claim would be sent to the VRS Medical Review Board for its recommendation. In November 1998, the VRS Medical Review Board recommended that the claim for benefits be denied. Dr. Robert Williams, the Board Coordinator, stated that "multiple examinations by different physicians failed to reveal evidence of a disabling disease, although she has unexplained symptoms." The VRS accepted the Board's recommendation and denied Denson's claim on November 12, 1998.

Denson filed an administrative appeal of the denial. In response, the VRS Medical Review Board directed Denson to undergo an independent medical examination by Dr. Felix Kirven, an orthopedic physician. In February 1999, Dr. Kirven opined that Denson had "subjective complaints of multiple joint aches," but had "no objective clinical evidence of abnormalities." Both Denson's "history" and her "physical examination," he pointed out, were "not consistent with fibromyalgia." Denson was "not disabled" at all, Dr. Kirven concluded.

The VRS Medical Review Board reconsidered Denson's application but again denied it. The Board agreed with Dr. Kirven's opinion that Denson "was not medically disabled." In February 1999, the VRS accepted the Board's recommendation and notified Denson that her administrative appeal had been denied. Denson's legal counsel then sought a determination by an independent fact-finder. The VRS appointed John Frye, Esq., to conduct an informal fact-finding hearing under the Virginia Administrative Process Act, Va. Code Ann. § 9-6.14:11 (Michie 1998). Frye notified Denson's counsel of her right to subpoena witnesses for the hearing and to introduce new evidence. He scheduled the hearing for June 1999.

Seeking yet another opinion, Denson traveled to Richmond for an examination by Dr. Charles Bonner, a physical medicine specialist. In April 1999, Dr. Bonner diagnosed Denson's condition as fibromyalgia and estimated that she would be out of work for "about once a month" as a result of this syndrome.

Denson submitted Dr. Bonner's report to Frye at the informal fact-finding hearing and presented evidence under oath.[1] Frye forwarded Dr. Bonner's report to the VRS Medical Review Board for its recommendation. Upon review of the new information, the Board reaffirmed its two earlier determinations that Denson could not demonstrate a disability that is likely to be permanent. Frye thereafter issued a six-page, singled-spaced opinion recommending that Denson's administrative appeal be denied. The fifty-seven page transcript of the hearing reveals that Frye allowed Denson wide latitude to submit evidence.

---

[1] Denson's counsel also submitted a copy of a telefax she wrote to Dr. Jamison's partner, Dr. Desmond Longford, requesting his opinion on Denson's condition. On June 2, 1999, Dr. Longford wrote a one-sentence handwritten note on the telefax stating "I do not feel this lady is capable of regular remunerative employment due to her fibromyalgia, obesity, and depression." He offered no opinion on whether her incapacity was temporary or permanent.

The VRS reviewed the recommendations of its independent fact-finder, along with the three previous recommendations of the VRS Medical Review Board. In August 1999, the VRS issued a "final case decision" denying Denson's claim for disability benefits and advising her of her right to judicial review. Denson filed a timely appeal to the Isle of Wight Circuit Court.

The Virginia Administrative Process Act ("VAPA"), Va. Code Ann. § 9-6.14:1, *et seq.* (Michie 1998 & Supp. 2000), prescribes the standard of review in this case. *Johnson v. Virginia Retirement System*, 30 Va. App. 104, 109-10, 515 S.E.2d 784, 787 (1999). "As an agency empowered to make regulations and decide cases, VRS is subject to the Administrative Process Act (APA), Code §§ 9-6.14:1 to 9-6.14:25." *Rizzo v. Virginia Retirement System*, 255 Va. 375, 380, 497 S.E.2d 852, 855 (1998). Acting in the capacity of an "appellate tribunal," *J. P. v. Carter*, 24 Va. App. 707, 721, 485 S.E.2d 162, 169 (1997) (citation omitted), a trial court must limit its review to the question whether substantial evidence supports the agency's decision. Evidence acquires the character of substantiality if "a reasonable mind *might* accept [it] as adequate to support a conclusion." *State Health Comm'r v. Sentara Norfolk Gen. Hosp.*, 260 Va. 267 (2000) (italics in original and citation omitted).

> This standard is designed to give great stability and finality to the fact-findings of an administrative agency. A trial court may reject the findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion. The burden of proof rests upon the party challenging the agency determination to show that there was not substantial evidence in the record to support it.

*Johnson*, 30 Va. App. at 109-10, 515 S.E.2d at 787 (quoting *Smith v. Dept. of Mines, Minerals & Energy*, 28 Va. App. 677, 684-85, 508 S.E.2d 342, 346 (1998) (citations and internal quotation marks omitted)); *see also Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (citing Va. Code Ann. § 9-6.14:17).

Though substantial evidence is "more than a mere scintilla," *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (quoted in *Bias*, 226 Va. at 269, 308 S.E.2d at 125), the standard nonetheless requires courts to give great deference to the agency's factual findings. *Johnson*, 30 Va. App. at 110, 515 S.E.2d at 787. A reviewing court, therefore, may not "merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function." *Turner v. Jackson*, 14 Va. App. 423, 430-31, 417 S.E.2d 881, 887 (1992) (citations omitted). Nor may a trial court go

beyond the administrative record in search of evidence to impeach the agency's findings. *See Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 263, 369 S.E.2d 1, 18-19 (1988).

In appeals of denial-of-benefits cases, a "question raised by conflicting medical opinion is a question of fact." *Johnson*, 30 Va. App. at 111, 515 S.E.2d at 788 (quoting *WLR Foods v. Cardosa*, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997) (citation omitted)). The deference given to an agency's fact findings on medical questions reflects the acknowledged "unwisdom" of the courts — themselves "uninitiated into the mysteries of the medical science debate" — to decide between "conflicting expert medical opinions." *Johnson*, 30 Va. App. at 111, 515 S.E.2d at 788 (*Stancill v. Ford Motor Co.*, 15 Va. App. 54, 58, 421 S.E.2d 872, 874 (1992) (citations and brackets omitted)).

To receive disability benefits under the Virginia Retirement System Act, Va. Code Ann. § 51.1-124.1 *et seq.* (Michie 1998 & Supp. 2000), Denson had to submit her claim to the VRS Medical Review Board. The Board consists of four independent physicians charged with the duties of investigating claims and submitting their expert recommendations to the VRS. *See* Va. Code Ann. § 51.1-124.23(B). When presented with a claim for disability benefits, the statute requires that the Board determine whether three conditions exist:

> (i) the member is and has been continuously since the effective date of retirement if prior to filing of the notification, mentally or physically incapacitated for the further performance of duty, (ii) the incapacity is *likely to be permanent*, and (iii) the member should be retired.

Va. Code Ann. § 51.1-156(E) (emphasis added). Denson failed to persuade the Board that her incapacity is likely to be permanent. The VRS can hardly be faulted for reaching this conclusion. The medical evidence could easily lead reasonable people to different views of this case. The Board considered the evidence on three occasions, and an independent fact-finder conducted a thorough evidentiary hearing. Both concluded that the conflicting medical opinions, coupled with the unpersuasive nature of Dr. Jamison's opinion, fatally undermined Denson's claim for benefits.

Denson argues that the Board, as well as this Court, should place greater weight on the opinions rendered by Dr. Jamison due to his role as treating physician. Denson interprets *Johnson v. Virginia Retirement System*, 30 Va.

App. 104, 515 S.E.2d 784 (1999), to require the application of a "treating physician rule." *See* Appellant's Brief at 8 (Aug. 29, 2000). *Johnson*, however, stands for exactly the opposite proposition. In that case, the Virginia Court of Appeals found "no basis" to interpolate such a requirement into the Virginia Retirement System Act. *Johnson*, 30 Va. App. at 111-12, 515 S.E.2d at 788. In contrast to federal disability law (which specifically requires deference to the treating physician, *see* 20 C.F.R. § 404.1527(d)(2)), the Virginia statute relies upon the VRS Medical Review Board to serve as "a neutral evaluatory mechanism" for arbitrating between conflicting medical opinions. *Johnson*, 30 Va. App. at 111-12, 515 S.E.2d at 788. The treating physician's opinion, therefore, receives no heightened presumption of correctness.

Moreover, as *Johnson* noted, "even if such a rule were in place, the result in this case would be no different." *Id.*, 30 Va. App. at 112, 515 S.E.2d at 788. When the treating physician's opinion is "shaded by doubt," it has no more persuasive force than any other doctor's views. *Id.* (quoting *Bristol Builders' Supply Co. v. McReynolds*, 157 Va. 468, 471, 162 S.E. 8, 9 (1932)). Here, Dr. Jamison rendered two opinions within the time frame of one week. The first found a temporary disability of six months, while the second cryptically asserted a life-long permanent disability. The irreconcilable nature of these opinions provides sufficient shades of doubt (albeit doubt unacknowledged by Dr. Jamison) for the VRS to treat Dr. Jamison's opinion with no more relative weight than any of the other physicians in this case. Given the multiple medical opinions disclaiming any permanent medical disability (as well as one directly challenging the existence of even a temporary disability), Dr. Jamison's terse opinion to the contrary deserves no special credence.

In sum, Denson cannot overcome the presumption of validity that protects the VRS's fact finding in this case. Though the evidence may *permit* the inference that Denson suffers from a permanent disability, it does not *compel* that conclusion. Reasonable people can — and in this case did — reach different conclusions. To be sure, this case provides a textbook example of the kind of case in which the judiciary should take "due account" of the "experience and specialized competence of the agency" charged by the General Assembly with enforcing its statutory policies. *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 160-61, 384 S.E.2d 622, 627 (1989) (quoting Va. Code Ann. § 9-6.14:17). *See also Baumann v. Virginia Retirement System*, No. 1194-99-4, slip op. at 10-12 (Va. App. Aug. 29, 2000) (unpublished); *Jones v. Virginia Retirement System*, No. 1736-99-3, slip op. at 7 (Va. App. Sept. 5, 2000) (unpublished). As a result, the Court affirms the

VRS's decision denying Denson's claim for disability benefits and dismisses this appeal with prejudice.[2] It is so adjudged, ordered, and decreed.

---

[2] In addition, the Court has serious doubts that personal jurisdiction exists over the VRS because it has not been served with process within the one-year time frame required by Virginia Supreme Court Rules 2A:4(a), 2:2, 2:3, and 2:4. As Rule 2:4 makes clear, "[n]o decree shall be entered against a defendant who was served with process more than one year after the institution of suit against him unless the court finds that the plaintiff exercised due diligence to have timely service on him." In this case, Denson's Petition for Appeal was never properly served on the VRS. Though this procedural error does not affect the court's *subject matter* jurisdiction, *Avery v. Virginia Retirement System*, 33 Va. App. 210, 532 S.E.2d 348 (2000), it does directly affect — and fatally undermines — the court's exercise of *personal* jurisdiction over the VRS. *Cf. Kessler v. Smith*, 31 Va. App. 139, 144-45, 521 S.E.2d 774, 776 (1999) (even though the clerk's office, not the plaintiff, must forward the process for service, it still must be accomplished within the one-year time frame of Rule 2:4). Nothing in the record of this case suggests Denson exercised "due diligence" within the meaning of Rule 2:4.