COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judge Humphreys and Senior Judge Willis
Argued at Alexandria, Virginia


ASHLEY DANIELLE OVERDORFF

                                                    OPINION BY
v.        Record No. 3109-03-2                JUDGE ROBERT J. HUMPHREYS
                                                    MARCH 1, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Horace A. Revercomb, III, Judge

Robert S. Ganey (Hanover Law Office, on briefs), for appellant.

Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Appellant Ashley Overdorff ("Overdorff") appeals her felony convictions for conspiracy

to attempt arson, malicious use of an explosive device, grand larceny, manufacturing an

explosive device, breaking and entering, and conspiracy to break and enter.  Overdorff contends

that the circuit court erred in exercising jurisdiction over these charges, arguing that the

Commonwealth failed to properly perfect its pre-indictment appeal from the juvenile court to the

circuit court.  For the reasons that follow, we disagree and affirm her convictions.

I.  BACKGROUND

On November 21, 2001, the juvenile and domestic relations district court issued petitions

charging Overdorff, then seventeen years old, with conspiracy to commit arson, manufacturing

an explosive device, malicious use of an explosive device, and grand larceny.  On July 18, 2002,

the juvenile court conducted a transfer hearing.  Although the juvenile court found probable

cause for each of these four charges, it denied the Commonwealth's motion to transfer the

charges to the circuit court in order to try Overdorff as an adult.  The Commonwealth appealed to the circuit court.[1]

At the transfer hearing before the circuit court, conducted on August 26, 2002, the parties advised the court that they had just received a copy of an order from the juvenile court judge setting forth the reasons for his decision not to transfer the case.  The order was dated "August 26, 2002 *nunc pro tunc* July 18, 2002."  Overdorff, therefore, argued that the juvenile court had failed to comply with Code § 16.1-269.6(A), which requires "all papers connected with the case," including "a written court order setting forth the reasons for the juvenile court's decision," to be sent from the juvenile court to the circuit court within seven days after the filing of the notice of appeal.  Because the juvenile court had not complied with the seven-day time limitation, Overdorff concluded that the circuit court lacked jurisdiction over the transfer hearing.  The circuit court, however, citing Code § 16.1-269.6(B),[2] held that, because there had been "substantial compliance" with the procedural requirements of Code § 16.1-269.1(A), it had jurisdiction over the appeal.  The circuit court then authorized the Commonwealth to seek indictments against Overdorff.

---

[1] On November 26, 2001, the juvenile court issued a separate petition charging Overdorff with breaking and entering and conspiracy to commit breaking and entering.  Each of these offenses was alleged to have occurred on November 8, 2001.  The juvenile court transferred both of these charges to the circuit court, and a grand jury indicted Overdorff for these two offenses on March 18, 2003.  Although Overdorff is challenging all six felony convictions, we note that the two indictments from March 18, 2003 were not part of the challenged appeal from the juvenile court to the circuit court.  Thus, only the four convictions based on the September 17, 2002 indictments are actually at issue on this appeal.

[2] When conducting a transfer hearing, the circuit court must "determine if there has been substantial compliance with subsection (A) of § 16.1-269.1."  Code § 16.1-269.6(B).  If so, the circuit court may "enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment."  Id.

Overdorff filed a motion to reconsider, arguing that: (1) the record from the juvenile court had not been sent to the circuit court within seven days, as required by Code § 16.1-269.6(A), (2) the notice of appeal was not timely filed under Code § 16.1-269.3 because it did not indicate the date of the appeal and had not been stamped "filed" in the juvenile court, (3) her counsel had not received notice of the appeal, as required by Code § 16.1-269.3, and (4) "no evidence was heard on the issue of substantial compliance with the transfer statute." Overdorff concluded that, because these procedural requirements had not been met, the circuit court lacked jurisdiction over the transfer proceedings. The circuit court denied her motion to reconsider, reasoning that Overdorff had failed to establish that the alleged procedural errors prejudiced her in such a manner as to constitute a denial of due process.

On September 17, 2002, a grand jury returned indictments for all four offenses. Overdorff then filed a motion to quash the indictments, again asserting that the circuit court lacked jurisdiction to authorize the transfer of the charges because the Commonwealth had not properly perfected its appeal from the juvenile court to the circuit court. The circuit court denied the motion, reasoning that it had already conducted the required transfer hearing and ruled on the issue of whether it had jurisdiction over the proceedings.[3] On July 28, 2003, Overdorff was tried and convicted of all the charges in the pending indictments.

## II. ANALYSIS

On appeal, Overdorff contends that the trial court erred in exercising jurisdiction over the felony charges because "[t]he Notice of Appeal . . . does not list a date for the Appeal," "was never filed in the office of the Hanover Juvenile and Domestic Relations Court," and "was never

---

[3] After the indictments had been returned, Overdorff filed a petition for a writ of prohibition in this Court, which stayed the proceedings in the circuit court. On February 6, 2003, this Court dismissed the writ of prohibition. The Virginia Supreme Court refused Overdorff's petition for appeal on June 19, 2003.

sent to defense counsel as required by Virginia Code § 16.1-269.3."[4] Overdorff also argues that the record from the juvenile court was not filed in the circuit court within seven days after the filing of the notice of appeal, as required by Code § 16.1-269.6(A). Overdorff concludes that the Commonwealth therefore failed to perfect its appeal and, as a result, her convictions should be reversed because "[a]ll of the proceedings in the Circuit Court are null and void." We disagree.

According to Code § 16.1-269.1(E), "[a]n indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile's age." As noted in Shackleford v. Commonwealth, 262 Va. 196, 547 S.E.2d 899 (2001), although this statute "speaks in terms of curing defects in the proceedings in the juvenile court, an appeal from a transfer decision . . . is the final step in the transfer process." Id. at 206, 547 S.E.2d at 905. Accordingly, "any alleged defects" in the appeal of a transfer proceeding, with the exception of defects based on the juvenile's age, are "cured" by an indictment. Id.

Here, then, although Overdorff "timely raised [her] objection to the jurisdiction of the circuit court[,]" once the grand jury returned an indictment, the alleged defects in the transfer proceedings were "cured by the indictment." Id. at 205-06, 547 S.E.2d at 904-05. And, because any procedural errors in the appeal were cured by the indictment, the circuit court "was not in any manner divested of its jurisdiction to try [the defendant] on the charges set forth in the indictment." Id. at 206, 547 S.E.2d at 905; see also Dennis Moore v. Commonwealth, 259 Va. 405, 410, 527 S.E.2d 415, 418 (2000) (holding that this "curative statutory provision" corrected the Commonwealth's failure to notify the juvenile's father of the juvenile proceedings and,

---

[4] According to Code § 16.1-269.3, the Commonwealth "may, within ten days after the juvenile court's final decision to retain the case . . . file a notice of appeal of the decision to the appropriate circuit court." If the Commonwealth decides to appeal the transfer decision, a copy of the notice of appeal "shall be furnished at the same time to the counsel for the juvenile." Id.

therefore, "permitted the circuit court to exercise its subject matter jurisdiction and to try the defendant on the offenses set forth in the indictments").[5]

Overdorff, however, argues that Code § 16.1-269.1(E) does not apply under the circumstances of this case because the failure to comply with the statutory procedures governing a notice of appeal "cannot be cured or waived." Overdorff cites no authority in support of her contention that the failure to comply with the provisions of Code § 16.1-269.3 constitutes a defect so significant that it is somehow exempt from the provisions of the curative statute. Indeed, the broad language of Code § 16.1-269.1(E) implies that the *only* defect that cannot be cured is one relating to the juvenile's age.

We also note that the Commonwealth's failure to timely file a notice of appeal did not divest the circuit court of subject-matter jurisdiction over the proceedings. As noted in Moore, "Code § 19.2-239 grants the circuit court 'exclusive original jurisdiction for the trial of all . . . indictments . . . for offenses committed within their respective circuits.'" 259 Va. at 409, 527 S.E.2d at 417 (omissions in original). Thus, "the circuit court [] had subject matter jurisdiction over the classes of offenses committed by the defendant." Id. Accordingly, the alleged defects in the transfer proceedings did not affect the subject matter jurisdiction of the circuit court, but rather, its ability to exercise that subject matter jurisdiction. See generally Nelson v. Warden of the Keen Mt. Corr. Ctr., 262 Va. 276, 284, 552 S.E.2d 73, 77 (2001) (explaining the difference between subject matter jurisdiction and the authority of a court to exercise its subject matter jurisdiction); Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753 (1990) (same). And, because the alleged procedural errors did not deprive the circuit court of subject matter jurisdiction, those

---

[5] In light of our holding that any pre-indictment procedural errors were cured by the return of the indictment, we need not address the Commonwealth's arguments that, because Overdorff has now been treated as an adult, Code § 16.1-271 negates the necessity for any further juvenile court proceedings.

defects are cured once an indictment has been issued.  See Code § 16.1-269.1(E); Avery v. Va.

Ret. Sys., 33 Va. App. 210, 215, 532 S.E.2d 348, 350 (2000) (noting that procedural

requirements established by statute are "subject to cure or waiver"), aff'd, 262 Va. 538, 551

S.E.2d 612 (2001).

For these reasons, we hold that the circuit court did not err in exercising jurisdiction over

the felony charges, and we therefore affirm Overdorff's convictions.

Affirmed.