COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


BRANDON P. SESSOMS

                                    MEMORANDUM OPINION[*] BY

v.       Record No. 1356-05-2           JUDGE RUDOLPH BUMGARDNER, III
                                        AUGUST 8, 2006

COMMONWEALTH OF VIRGINIA,


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Burnett Miller, III, Judge

Todd B. Stone (Stone & Cardwell, PLC, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


The circuit court tried the defendant as an adult and convicted him of attempted sodomy

and aggravated sexual battery. He maintains the trial court lacked jurisdiction to try him because

the transfer proceedings were defective. We disagree and affirm the convictions.

The defendant was originally charged in the juvenile and domestic relations district court,

but the Commonwealth moved to transfer the proceedings to circuit court pursuant to Code

§ 16.1-269.1(A). When the juvenile court denied the motion, the Commonwealth appealed to

circuit court.

At an evidentiary hearing in circuit court, several witnesses who had testified in the

juvenile court testified again, and the defendant summarized the prior testimony of one witness

who was unable to attend. At the hearing's conclusion, the circuit court granted the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth's motion to transfer the case and to seek indictments. A grand jury returned indictments on both charges.

The defendant maintains the circuit court lacked jurisdiction to make a *de novo* determination of whether transfer was appropriate. He contends the juvenile court retained exclusive jurisdiction over decisions to transfer under Code § 16.1-269.1(A) and the circuit court's jurisdiction was limited to a review of whether the juvenile court properly considered the statutory factors set forth in Code § 16.1-269.1. He also maintains the circuit court erred because it accepted a defense counsel's summary of his witness' testimony and did not review the full transcript of the witness' testimony in the juvenile court proceedings.

Overdorff v. Commonwealth, 45 Va. App. 222, 609 S.E.2d 626 (2005), controls this case. Overdorff maintained the Commonwealth improperly perfected its appeal of the juvenile court's decision denying transfer to the circuit court. Overdorff noted:

> "Code § 19.2-239 grants the circuit court '*exclusive original jurisdiction for the trial of all . . . indictments . . . for offenses committed within their respective circuits.*'" Thus, "the circuit court [] had subject matter jurisdiction over the classes of offenses committed by the defendant." Accordingly, the alleged defects in the transfer proceedings did not affect the subject matter jurisdiction of the circuit court, but rather, its ability to exercise that subject matter jurisdiction. And, because the alleged procedural errors did not deprive the circuit court of subject matter jurisdiction, those defects are cured once an indictment has been issued.

Id. at 228, 609 S.E.2d at 629 (quoting Dennis Moore v. Commonwealth, 259 Va. 405, 409, 527 S.E.2d 415, 417 (2000) (omissions in original)) (citations omitted) (emphasis added).

As in Overdorff, any defects in the transfer proceeding in this case were cured when the grand jury returned indictments; they did not affect the subject matter jurisdiction of the circuit court. "We believe that the legislature intended for an indictment to cure any defects in that

- 2 -

entire process." <u>Shackleford v. Commonwealth</u>, 262 Va. 196, 206, 547 S.E.2d 899, 905 (2001).

Accordingly, we affirm the convictions.

<u>Affirmed.</u>